# CHARLESTON.

STATE EX REL. FIRST NATIONAL BANK v. HAMILTON, SHERIFF.

Submitted February 15, 1916.    Decided February 22, 1916.

1. SCHOOLS AND SCHOOL DISTRICTS—*School Orders—Intetest.*

Section 8 of chapter 85 of the Acts of 1915, authorizing boards of education and other fiscal tribunals, to provide, by special levies, for payment of outstanding, unpaid orders drawn previous to July 1, 1915, and saying such levies may be continued "for as many years as may be necessary to pay off such debt, and the interest that may accrue thereon," does not give or create any new right to interest on such orders. The provision for interest extends only to rights to interest based upon law outside of and beyond said act. (p. 647).

2. SAME.

    School orders do not, in any case, bear interest. The provision of sec. 145, ch. 45, Code, ser, sec. 2201, requiring endorsement of such orders, by the sheriff, on presentation thereof, does not make them bear interest against the issuing boards, after endorsement. It merely inflicts a penalty on the sheriff for non-payment on presentation. (p. 648).

Mandamus by the State, on the relation of the First National Bank, against W. W. Hamilton, Sheriff, etc.

                                         *Writ refused.*

    *Greever, Gillespie & Divine,* for petitioner.

    *H. A. Ritz,* for respondent.

POFFENBARGER, JUDGE:

    The relator seeks a writ of mandamus to compel the sheriff of Mercer county to pay certain orders drawn by the Board of Education of Rock district of. said county, on its building fund. They were issued in consideration of work done in the construction of school houses, in the year 1909, at which time the board had not sufficient funds, nor power to raise such funds, to pay them. By a recent act of the Legislature, the board was authorized to lay special levies to pay such orders. Acts 1915, ch. 85. Such provision has been made, and the sheriff does not deny liability for the amounts shown on the faces of the orders, but the holder demands interest on these amounts from the dates of endorsements made on the orders in 1909 and 1911. These endorsements are ''Presented for payment'' and ''Presented for payment, no funds.'' The sheriff is willing, and has offered, to pay the principal sums, but the holder, deeming itself entitled to interest as aforesaid, has declined to accept such payment. Hence, the real purpose of the writ is to compel payment of the interest.

    For these orders, the relator claims the same status as that of orders overdrawn by county courts, which has been defined in *State ex rel. v. Melton,* 62 W. Va. 253, and *State ex rel. v. Davis,* 74 W. Va. 261. Whether they were valid, but not immediately payable as overdrawn county and road orders were under the law, as it was when those cases were decided, is an immaterial question, if the endorsements relied upon

did not make them bear interest, for the Act of 1915 plainly does not create any new right to interest, as its terms hereinafter quoted will disclose.

Assuming the orders to have been valid, for the purposes of the question under consideration, it is clear that the endorsements of the sheriff did not convert the orders into interest bearing paper. In the case of orders issued by county courts, the statute expressly gives right to interest against the county or road district, after a proper endorsement by the sheriff. Ch. 39, sec. 39, Code, ser. sec. 1589, says: "And the order, if it was due at the time of presentment, shall in such case be payable with legal interest from said date." Sec. 145, ch. 45, Code, ser. sec. 2201, pertaining to presentation and endorsement of school orders, makes no such provision. It, in terms, makes the sheriff, not the district, liable, saying: "And upon the failure of such sheriff to pay any proper order issued by the said board of education the person entitled to receive the sum of money specified in such order may require the sheriff to endorse thereon or write across the face thereof the words "presented for payment" with the proper date and sign the same, and judgment upon motion after at least ten days' notice, may be obtained against the sheriff before any justice of his county or before the circuit court thereof, with interest from the time said order was presented and ten per cent. damages. But a sheriff shall not be required to endorse any school order nor shall suit be brought on any such school order prior to the first day of November of the current school year." The provision of ch. 15, of the Acts of 1881, applicable to the same subject, which was altered by an amendment made by ch. 60, Acts of 1891, gave the holder the right to take a judgment by motion, on ten days notice, but without any penalty. The plain purpose of this amendment was to inflict a penalty on the sheriff for nonpayment on presentation, equal in amount to interest from the date of presentation and ten per cent. of the face of the order. Its plain terms will not bear any other interpretation.

The enabling act of 1915 authorizes boards of education, among other fiscal tribunals, to provide for overdrawn orders of certain years, by special debt levies, not exceeding twenty

cents on the $100.00, "for as many years as may be necessary to pay off such debt, and the interest that may accrue thereon." Nothing further on the subject of interest, is found in the act, and these terms express no intention to provide for claims of accrued interest on orders not legally bearing interest, even though valid orders. No doubt the legislature could have made such provision, as to both valid and invalid orders, in view of the existing moral obligation, but its intention to do so cannot be inferred from the obligation. It must be found in the words used, if found at all, and the terms certainly express no intent to give, or provide for, interest, prior to the date of the passage of the act, on orders not bearing interest prior to that date.

Whether they express intention to allow interest on all classes of overdrawn orders from the date of effectiveness of the act, is not so readily determinable. Allowance of such interest is apparently within the letter of the provision. Provision for funds "to pay off such debt, and the interest that may accrue thereon" is authorized. No distinction between debts bearing interest and those not bearing interest is made in terms. Interest would accrue on all, if the law makers so intended but the intent must be found in implication if found at all, for the provision does not say all such debts shall bear interest. It proceeds upon an assumption of right to interest, resting upon something outside of or beyond the terms of the act. In some cases, there is such right, and upon it the words of the provision operate. Creation of a new right by implication is not necessary to their operation or effectiveness. Implications to confer rights must be necessary, not merely possible. *Bank of Weston* v. *Thomas*, 75 W. Va. 321; *White* v. *Bailey*, 65 W. Va. 573. Besides the incidental form and connection of the language under consideration argue strongly against intention to create any new right respecting interest. They occur only in the prescription of the duration of the special levies and do not deal primarily with the matter of interest.

There being no right to interest and payment of the principal sums having been tendered, the writ prayed for will be refused.

*Writ refused.*