STATE EX REL. SULLIVAN vs. DISTRICT COURT OF MILWAU-
KEE COUNTY and another.

*January 10—February 21, 1911.*

*Constitutional law: Right of trial by jury: Taxing jurors' fees as costs
against accused: Writ of prohibition, when lies.*

1. Ch. 218, Laws of 1899,—creating the district court of Milwaukee county with limited criminal jurisdiction, and providing that the accused therein may demand a jury of not more than twelve nor less than six men; that the clerk shall proceed to draw in the presence of the jury commissioners (unless their presence is waived) from the box containing the names of persons furnished by said commissioners to serve as petit jurors in the municipal court, twice the number of jurors demanded by the accused; that from the list so prepared the parties shall alternately strike out so many names as shall leave the number demanded; that either party may challenge any juror for cause; and that deficiencies caused by challenges or otherwise shall be supplied by talesmen,—accords to the accused the privilege of a trial by a lawful jury and does not deny to him any constitutional right in respect thereto.

2. The fact that said act provides that the fees of jurors shall be taxed as costs in the action, and in case of conviction taxed against the accused, does not invalidate it, the subject of costs and the items thereof being largely a matter of legislative discretion.

State ex rel. Sullivan v. District Court, 145 Wis. 138.

3. Even if a defendant accused of criminal libel is entitled to a preliminary examination before he can lawfully be tried (a point not decided), error of the court in refusing such preliminary examination cannot be considered upon a motion for a writ of prohibition. That writ cannot be used to perform the ordinary functions of an appeal or writ of error.

PROHIBITION to the District Court of Milwaukee County: NEELE B. NEELEN, Judge.  *Alternative writ quashed.*

On the 8th day of September, 1910, upon a complaint sworn to by one August J. Peterie, charging the relator with the offense of criminal libel committed within Milwaukee county, Wisconsin, in violation of sec. 4569, Stats. (1898), a warrant was issued out of the district court of Milwaukee county directing the arrest of the relator upon said charge. On the 12th of September the relator was arrested and brought into said court and, upon his application, the case was continued for cause to October 5, 1910, at 9 o'clock in the forenoon. On October 5th counsel for relator requested a preliminary examination, which request the court refused. The attorney for the relator then objected to the jurisdiction of the court, but the objection was overruled, whereupon the relator's attorney filed a plea in abatement, to which plea the district attorney demurred and the demurrer was sustained by the court. Upon the refusal of the relator to enter a plea of guilty or not guilty to the complaint, the court ordered that a plea of not guilty be entered, and the district attorney offered the relator a trial by a jury of six or twelve men, whichever the said relator might elect, without cost to said relator. By consent of all parties the case was continued for cause to November 2, 1910, at 9 o'clock in the forenoon. In the meantime, and on the 25th day of October, 1910, counsel for relator obtained an alternative writ of prohibition from this court staying proceedings in the action until the further order of this court and requiring the respondent to show cause on the 15th day of November, 1910, why it should not

be absolutely restrained from any further proceedings in said action. The respondent made due return and moved to quash the alternative writ of prohibition.

*E. T. Fairchild,* for the relator.    [No brief on file.]

*Ernst A. Kehr,* for the respondent.    [No brief on file.]

VINJE, J.    It is urged by counsel for relator that the district court had no jurisdiction to hear, try, and determine the case. Sec. 4569, Stats. (1898), provides that "any person guilty of libel shall be punished by imprisonment in the county jail not more than one year or by fine not exceeding $250." Ch. 218 of the Laws of 1899 established the district court of Milwaukee county, and sec. 5 of said act defined its jurisdiction as follows:

"Said district court shall have exclusive jurisdiction to try and sentence all offenders against the ordinances of said city of Milwaukee, and it shall also have exclusive jurisdiction to hear, try and determine all charges for offenses arising within said county of Milwaukee, the punishment whereof does not exceed one year's imprisonment in the state prison or county jail or a fine of $500, or both such fine and imprisonment."

Sec. 10 of said act provides:

"After issue joined and before trial in all cases cognizable before said district court the accused may demand a trial by a jury of not more than twelve nor less than six men, and shall designate the number at the time of the demand. The court shall then direct the clerk to proceed to draw in the presence of the jury commissioners of Milwaukee county, unless such accused shall waive the presence of said commissioners, from the box containing the names of persons furnished by said jury commissioners to serve as petit jurors in the municipal court of the city and county of Milwaukee, twice the number of jurors demanded, and from the list so prepared by the clerk, the parties shall then alternately strike, the accused commencing, so many names as shall leave remaining the number demanded."

The act then further provides how the jury shall be summoned, and that either party may challenge any juror for cause, and that the deficiencies occasioned thereby, or by any other cause, shall be supplied by talesmen to be selected and summoned by an officer of the court. It further provides that the fees of such jurors shall be taxed as costs in the action.

The offense with which relator was charged was committed within the county of Milwaukee, and the punishment thereof did not exceed one year's imprisonment in the state prison or county jail nor a fine of $500. The district court, therefore, not only had jurisdiction to hear, try, and determine the charge, but, by virtue of the act referred to, it had exclusive jurisdiction thereof. The court was also provided with a jury selected by the same officers who select jurors for the municipal court of Milwaukee county, which court has exclusive jurisdiction of all criminal matters not triable in the district court. If relator demanded a jury of only six he would have the right to peremptorily challenge three, or one half of the jury instead of one third thereof, as under the general statute, and if he demanded a jury of twelve he would have six, or two more peremptory challenges than under the general statute. He could call for a jury of twelve and so secure the two extra peremptory challenges. His right to examine the jurors and challenge them for cause or for favor remained unimpaired, and the method of supplying deficiencies was the usual, time-honored one of calling talesmen. It must therefore be held that the relator was accorded the privilege of a trial by a lawful jury, and that he cannot properly complain of the denial of any constitutional right in that respect. *State ex rel. Gubbins v. Anson,* 132 Wis. 461, 112 N. W. 475.

Assuming, but not deciding, that the district attorney had no right to waive the provisions of the law relative to the

fees of the jury, the fact that the law provides they shall be taxed as costs in the action, and hence in a case of conviction are to be taxed against the relator, does not invalidate it. Sec. 4633, Stats. (1898), provides:

"When a fine is imposed as the whole or any part of the punishment for any offense by any law the court shall also sentence the defendant to pay the costs of the prosecution and the costs incurred by the county at request of the defendant, and to be committed to the county jail until the fine and costs are paid or discharged."

The subject of costs and the items thereof are largely matters of legislative discretion, and the legislature can add or take away such items as it deems proper, provided the exercise of its discretion in that regard is reasonable. It is certainly competent for it to say that, in addition to other costs, the defendant if convicted shall pay the fees of the jury. *Faust v. State,* 45 Wis. 273.

It is further urged by the relator that his demand for a preliminary examination should have been granted; that he had never waived the same and that he could not be lawfully tried until he had such preliminary examination. Even if such contention be correct, the error of the court in refusing a preliminary examination can be reviewed only upon appeal or writ of error. It cannot be considered upon a motion for a writ of prohibition. *Petition of Pierce-Arrow M. C. Co.* 143 Wis. 282, 127 N. W. 998. It was there held that a writ of prohibition cannot be used to perform the ordinary functions of an appeal or writ of error.

It follows from what has been said that the relator was denied no right or privilege granted to him by the laws or constitution of this state, and hence the motion to quash the alternative writ of prohibition must be granted.

*By the Court.*—It is so ordered.