# CHARLESTON

BANK OF WESTON v. THOMAS *et als.*

Submitted November 18, 1914.   Decided December 15, 1914.

1. JUDGMENT—*Office Judgment—Right to Enter—Proceeding by Motion.*

    No office judgment, such as is accorded in actions at common law, by statutory modifications of procedure therein, can be obtained in a proceeding by motion for the recovery of money arising out of contract, under the provision therfor in sec. 6, ch. 121, serial sec. 3726, of the Code.   (p. 322).

2. SAME—*Office Judgment—Setting Aside—Counter Affidavit.*

    The provisions of sec. 46, ch. 125, serial sec. 4800, of the Code, recognizing such judgment and inhibiting the setting aside thereof, under given conditions, without the filing of a counter affidavit, do not apply to the summary and informal proceeding authorized by said sec. 6 of ch. 121.   (p. 322).

3. STATUTES—*Derogation of Common Law—Construction and Effect.*

    Statutes in derogation of the common law are allowed effect only to the extent clearly indicated by the terms used.   Nothing can be added otherwise than by necessary implication arising from such terms.   (p. 324).

4. SAME—*Construction—Terms Used.*

    The rule of construction, requiring effect to be given to all the terms used in a statute, if possible, is satisfied by assignment to them of a substantial, though limited, function or field of operation. It does not require allowance to them, of a scope of operation coextensive with their literal import.   (p. 324).

Error to Circuit Court, Lewis County.

Action by the Bank of Weston against A. R. Thomas and others.   Judgment for plaintiff, and defendants bring error.

*Reversed and remanded, with directions.*

75 W. Va.

*Herbert M. Blair,* for plaintiffs in error.

*Linn, Brannon & Lively,* for defendant in error.

POFFENBARGER, JUDGE:

In a proceeding by motion for judgment for the balance due on a negotiable, promissory note, the plaintiff filed, with its notice of the motion, such an affidavent as may be filed with the declaration in a common law action for the recovery of money arising out of contract, under the provisions of sec. 46, ch. 125, serial sec. 4800, of the Code, claiming for it the same legal force, effect and virtue as it has in such common law action; and whether it has or not is the sole question raised by this writ of error.

On the day fixed by the notice for the motion, the defendants appeared and filed a demurrer to the notice. On a later day of the term, the demurrer was again interposed, the plaintiff joined therein, and the court overruled it. Thereupon a plea of *nil debet,* accompanied by a counter affidavit, was tendered, to the filing of which there was an objection on the ground of insufficiency of the affidavit, which objection was sustained and the plea and affidavit rejected, and the case was continued over the objection of the plaintiff. At the next term of the court, another like plea, distinguished from the former one by the appellation, "Amended and Supplemental Plea," unaccompanied by affidavit, was tendered and rejected and judgment rendered for the amount claimed.

The proceeding by motion is an informal one, authorized by sec. 6, ch. 121, serial sec. 4726, of the Code. Thirty days' notice of the motion is required and there is no provision for judgment on it at rules nor otherwise than by the court. In other words, the notice cannot be filed at rules, like a declaration, and is not returnable to rules, and there is no provision for the motion at rules, nor elsewhere than in court on the day specified, nor for judgment otherwise than by the court. Hence, in this proceeding, there is no express provision for office judgment, judgment in the clerk's office by operation of law, as there is in procedure by common law action, as modified by provisions of ch. 125 of the Code. By virtue of sec. 46 of said chapter, such a judgment in a case

in which no order for an inquiry of damages is necessary, though not actually entered up in court, becomes final on the last day of the next succeeding term of the court wherein the action is pending, unless previously set aside. And, if the action is one for the recovery of money arising out of contract and the plaintiff has filed with his declaration the affidavit prescribed by said section, it cannot be set aside, nor any plea received, unless the defendant, before the end of such term, files with his plea the counter · affidavit therein prescribed, and, if such plea and affidavit be not filed at such term, the plaintiff may then, or at any subsequent term, have judgment formally entered for the amount claimed in his affidavit.

The argument submitted to sustain the claim of literal application of the provisions of sec. 46 of ch. 125 to the proceeding authorized by sec. 6 of ch. 121 thus appears to be in contradiction of the fundamental and substantial or basic terms of the provisions themselves, since they assume the existence of an office judgment, no provision for which is made in the proceeding by motion, and prescribe its effect. The phrase in said sec. 46 selected as the basis of this argument, "which in all cases he may do," (file an affidavit with his declaration), not only fails to sustain or support it, but also raises an inconsistent implication. In terms, it applies to a declaration in a common law action and so impliedly excludes from its operation bills in equity and informal statutory proceedings. *Expressio unius est exclusio alterius.* The provision in sec. 7 of ch. 121, for defense to such motions "in the same manner and to the same extent as in actions at law," however, affords some basis for the contention, because, after the office judgment expressly created in actions at law by the statute, the defense is limited in manner and extent by means of the affidavit provided for in sec. 46 of ch. 125. If this does not apply in proceedings by motion, the right of defense therein is broader in form and extent than in actions at law. To give effect to these terms, it is said they must be interpreted as having impliedly, not expressly, made the omission to plead on the day fixed for the motion the equivalent of failure to interpose a plea and counter affidavit, on the filing of the declaration, accompanied by affidavit, at

75 W. Va.

rules or in court, and continuation of default beyond the next
rule day or expiration of a rule to plead. Obviously there is
no such necessary implication. The limitation upon the right
of defense, imposed by sec. 46, applies only in a certain class
of demands and then only under prescribed conditions. If no
affidavits has been filed, it does not apply in that class of
demands and the right of defense as to both form and extent
is broader. In other words, there are actions at law for
money arising out of contract in which no affidavits have been
filed, defense to which can be made without affidavits denying
right to the amounts claimed, and actions at law for such
money in which affidavits have beeen filed, defense to which
cannot be made without the filing of counter affidavits. The
terms used in sec. 7, ch. 121, giving right of defense in the
same manner and to the same extent as in actions at law, does
not say whether the defense contemplated shall be that pre-
scribed for the latter class of actions, and the terms limited
to the former class, may have reasonable and full operation.
To apply them to the second class, it would be necessary to
go still further and say they impliedly authorize the filing
with the notice, of the affidavit prescribed by sec. 46 of ch.
125, and entries at rules in the proceeding, including the
conditional judgment and confirmation thereof, none of
which are expressly required or permitted in such proceed-
ing, and all of which are expressly allowed the plaintiff in
formal actions at law. Omission to grant these important
privileges and rights to the plaintiff in the proceeding by
motion is highly significant of legislative intent not to con-
fer them, and all of them are essential to full operation of the
limitation of defense, imposed by sec. 46 of ch. 125.

Though remedial, the statute is in derogation of the com-
mon law. It permits substitution of a summary proceeding
for the formal action at law. On two well recognized grounds,
derogation of the common law, and authorization of a sum-
mary proceeding, it falls under the strict rule of construction,
or, more accurately speaking, it is in derogation of the com-
mon law, because it gives a new, or cumulative, remedy, sum-
mary in character. Such statutes are not allowed effect by
construction, beyond that warranted by the express terms
thereof. *Harrison* v. *Leach*, 4 W. Va. 383; *Davis* v. *Com.*, 17

Gratt. 617; *Woodyard* v. *Alston,* 12 Heisk. (Tenn.) 581; *Exparte Buckley,* 53 Ala. 42. If the purpose claimed for the terms of sec. 7 of ch. 121 were the only one they could effect, they would have to be allowed such operation, upon the presumption of legislative intent to give them some effect, and such purpose would have to be conceded as a thing necessarily implied. But, as has been indicated, they may have full effect in a narrower and more limited sense. This satisfies the rule of construction. It is not necessary to give them a field of operation co-extensive with their literal import, nor permissible to do so, since a more restricted one is readily perceived. *White* v. *Bailey,* 65 W. Va. 573.

In conformity with these principles and conclusions, the judgment complained of will be reversed and the case remanded with direction to permit the plea of *nil debet* to be filed and for further proceedings.

*Reversed and remanded, with directions.*