194 P.2d 678

### STATE ex rel. PRINCE v. COORS et al.
### No. 5121.

Supreme Court of New Mexico.
May 10, 1948.

Lewis R. Sutin, of Albuquerque, for petitioner.

M. Ralph Brown, and Harry D. Robins, both of Albuquerque, for respondents.

COMPTON, Justice.

This is an original proceeding for writ of prohibition by Lewis Prince against District Court of the Second Judicial District, Bernalillo County, and the Honorable Judges thereof, Henry G. Coors and R. F. Deacon Arledge.

Petitioner was charged by an information filed in the district court of Bernalillo county, with the crime of embezzlement. He claims that the District Court is about to put him to trial for the offense charged without first granting him a preliminary examination; that he has demanded such examination and that it has been denied him, in violation of Article 2, Sec. 14 of the Constitution. He now seeks prohibition to restrain the court from proceeding further.

To the petition, respondent has answered, admitting that relator was being put to trial upon the information. But respondent asserts (1) that relator was given a preliminary examination and (2) that he waived the same.

The single question for our determination is whether prohibition, under the circumstances, is available to relator. We must hold adversely to him.

Whether relator was granted a preliminary examination or waived the same is not an issue to be determined here. It is shown from the record that respondent has jurisdiction both of the subject matter and person. Thus having jurisdiction to determine the cause and render judgment, prohibition cannot be used to supply the ordinary functions of an appeal or writ of error, nor may it be used to restrain an inferior court from making an erroneous decision. State v. District Court Eighth Judicial District, 38 N.M. 451, 34 P.2d 1098; Peisker v. Chavez, 46 N.M. 159, 123 P.2d 726; Appelby v. District Court, 46 N.M. 376, 129 P.2d 338; Heron v. District Court, 46 N.M. 290, 128 P.2d 451; City of Roswell v. Richardson, 21 N.M. 104, 152 P. 1137.

Courts generally support the rule that prohibition, as a method of review, must be excluded where there are other efficient

and adequate remedies. Fels v. Justice's Court of City of Berkeley, 28 Cal.App.2d 739, 83 P.2d 721; C. S. Smith Metropolitan Market Co. v. Superior Court, 16 Cal.2d 226, 105 P.2d 587; Sullivan v. District Court of Milwaukee County, 145 Wis. 138, 130 N.W. 58; Ralph v. Police Court of City of El Cerrito, Cal.App., 190 P.2d 632. With us, however, as stated and as shown by the New Mexico cases cited above, it is solely a question of jurisdiction.

In Sullivan v. District Court of Milwaukee County, supra, the court, in considering a case in point, said [145 Wis. 138, 130 N.W. 59]: "It is further urged by the relator that his demand for a preliminary examination should have been granted, that he had never waived the same, and that he could not be lawfully tried until he had such preliminary examination. Even if such a contention be correct, the error of the court in refusing a preliminary examination can be reviewed only upon appeal or writ of error. It cannot be considered upon a motion for a writ of prohibition. Petition of Pierce-Arrow Motor Co., 143 Wis. 282, 127 N.W. 998. It was there held that a writ of prohibition cannot be used to perform the ordinary functions of an appeal or writ of error. * * *"

In support of his contention, relator calls to our attention, among other cases, Ralph v. Police Court, etc., supra. This case correctly states the law. There

the petitioner had exhausted all available remedies open to him for a review of his case and the court was about to pronounce sentence upon a void judgment. It was at this stage of the proceeding that he applied for and was granted a writ of prohibition. It is seen that the court was without jurisdiction to render any judgment. It should be stated that prohibition will issue. as a matter of right under such circumstances and it is upon this principle that prohibition was granted.

It is our conclusion that relator has been denied no right or privilege granted him under the Constitution and that the alternative writ of prohibition should be discharged as having been improvidently issued, and it is so ordered.

BRICE, C.J., and LUJAN, SADLER and McGHEE, JJ., concur.