Dennis M. CRANOR, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 32A01–9710–CR–335.

Court of Appeals of Indiana.

July 30, 1998.

Paula M. Sauer, Danville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, James D. Dimitri, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Dennis M. Cranor appeals from his conviction for intimidation with a deadly weapon, a class C felony.[1] Cranor raises several issues on appeal which we restate as:

I. Whether error occurred in the admission of certain evidence.

II. Whether Cranor received ineffective assistance of counsel.

III. Whether the trial court erred in sentencing Cranor.

We affirm in part, reverse in part and remand with instructions.

The evidence most favorable to the verdict is that the victim, Cranor's pregnant girlfriend, lived with Cranor in an apparently tumultuous relationship. On March 22, 1997, the victim and Cranor began arguing, and the victim told Cranor that she was leaving him. Cranor then slapped the victim in the face, grabbed her and pushed her onto a couch. When the victim attempted to leave, Cranor pulled out a knife and told the victim that if she attempted to leave he would kill her and "cut the baby out."

Cranor eventually walked into another room and placed the knife on a table. The victim grabbed the knife, fled from their apartment and called the police at a nearby gas station. Cranor followed the victim to the gas station where police arrested him.

## I.

### Admission of Evidence

 Cranor contends that there were multiple errors at trial in the admission of evidence and in the prosecutor's conduct. However, he did not object to the alleged inadmissible evidence and misconduct.[2] Accordingly, no error is preserved for appellate review. *See Carter v. State*, 686 N.E.2d 1254, 1262 (Ind.1997) (failure to object to alleged prosecutorial misconduct); *Woods v.*

*State*, 677 N.E.2d 499, 504 (Ind.1997) (failure to object to evidence).

## II.

### Ineffective Assistance of Counsel

 Cranor next argues that his trial counsel was ineffective for repeatedly failing to object to evidence and conduct of the prosecutor which formed the basis of Cranor's first issue. To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's performance prejudiced the defendant. *Smith v. State*, 689 N.E.2d 1238, 1243 (Ind.1997). In evaluating the first element, we presume counsel is competent and the defendant must present clear and convincing evidence to rebut this presumption. *Id.* Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Bellmore v. State*, 602 N.E.2d 111, 123 (Ind. 1992), *reh. denied* (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

 To establish the second element, prejudice, the defendant must show that counsel's errors so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just and reliable result. *Smith*, 689 N.E.2d at 1244. Thus, a different outcome but for counsel's errors will not constitute prejudice if the ultimate result reached was fair and reliable. *Games v. State*, 684 N.E.2d 466, 469 (Ind.1997). There is a preference for addressing the prejudice element first since it is not the object of an ineffectiveness claim to grade counsel's performance. *Id.* at 468.

---

1. IND CODE § 35-42-2-1 (Supp.1994).

2. Cranor did object to one leading question, which he styles as prosecutorial misconduct. Cranor's objection was sustained and the jury was properly admonished. A timely and accu-

rate admonishment is presumed to cure any defect in the admission of evidence. *Green v. State*, 587 N.E.2d 1314, 1317 (Ind.1992). Cranor does not argue that the admonishment was ineffective.

Cranor devotes a three sentence paragraph to the prejudice element in his brief, conclusorily asserting that he was prejudiced by repeated failures to object to inadmissible evidence. Too, although Cranor contends that he was prejudiced, he does not argue that the ultimate result reached by the jury was not just and reliable. Under these circumstances, we could easily find the issue waived. *See* Ind. Appellate Rule 8.3(A)(7); *Mitchell v. Stevenson,* 677 N.E.2d 551 (Ind. Ct.App.1997), *trans. denied.*

■ Waiver notwithstanding, we are unconvinced that the ultimate result reached at trial is not just and reliable. The basis of Cranor's complaints is that the jury was exposed to improper character evidence or irrelevant, prejudicial testimony solely calculated to inflame the jury, thereby creating a risk that Cranor would be convicted on jury passion alone. However, Cranor was also charged with confinement while armed with a deadly weapon, but the jury acquitted him of this charge. Assuming *arguendo* that the jury was exposed to inadmissible, inflammatory evidence due to Cranor's trial counsel's failure to lodge objections, it appears this evidence did not influence the jury to the extent Cranor fears since he was acquitted of one of the two charges: a result inconsistent with an impassioned jury. Accordingly, we conclude that the ultimate result of Cranor's trial was not unjust or unreliable.

## III.

### Sentencing

■ As part of his sentence, Cranor was ordered to pay the costs of the jury and was fined $1,000. Cranor correctly argues that the trial court exceeded its authority when it ordered him to pay jury costs. "[E]xpenses such as those incurred in connection with juries may not be assessed against a convicted defendant unless such assessment has been specifically authorized by the legislature." *Gooch v. State,* 685 N.E.2d 152, 155 (Ind.Ct.App.1997).[3] Indiana Code § 33–19–

5-1 provides for the assessment of various fees upon a conviction, but does not include jury costs. Accordingly, the trial court had no power to assess jury costs against Cranor. *Id.*

■ Next, Cranor contends that since he was found to be indigent[4] that it was an abuse of discretion for the trial court to fine him $1,000. This line of argument is unsupported by any citation to relevant legal authority or legal argument. Accordingly, we find the issue waived. Ind. Appellate Rule 8.3(A)(7); *Mitchell,* 677 N.E.2d 551.

■ However, Cranor does argue that the fine is erroneous in that it fails to reflect his indigency. Whenever a court imposes a fine, it must conduct a hearing to determine whether the defendant is indigent. IND.CODE § 35–38–1–18(a). In this case, there was no such hearing, although it appears, and the parties agree, that Cranor is in fact indigent. "[W]hen a fine is imposed upon an indigent, the trial court must expressly state that the defendant shall not be imprisoned for failing to pay the fine." *Whitehead v. State,* 511 N.E.2d 284, 296 (Ind.1987). There is no such express statement in Cranor's sentencing order, and we therefore must remand for the trial court to correct Cranor's sentence. *Id.* at 297.

Affirmed in part, reversed in part and remanded to correct the sentencing order to reflect Cranor's indigency.

RUCKER and MATTINGLY, JJ., concur.

---

3. As noted in *Gooch,* there are constitutional concerns regarding the ability to assess jury costs against a criminal defendant.

4. Although there appears to be no express finding of indigency, pauper appellate counsel was appointed, and the State agrees that Cranor is undoubtedly indigent.