602 S.E.2d 796

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Stanley M. MYERS, Defendant Below, Appellant.**

No. 31610.

Supreme Court of Appeals of West Virginia.

Submitted: April 27, 2004.

Decided: June 16, 2004.

Dissenting Opinions of Justices Starcher and Albright June 25, 2004.

Stanley M. Myers, Pro Se, Saint Marys, for the Appellant.

Pamela Jean Games–Neely, Prosecuting Attorney, Christopher C. Quasebarth, Assistant Prosecuting Attorney, Martinsburg, for the Appellee.

DAVIS, Justice:

This case involves an order directing a criminal defendant to pay jury costs incurred in connection with a conviction that was subsequently reversed by this Court, when, on remand, the criminal defendant pled guilty to lesser offences involving the same criminal conduct. After a careful review of the record presented, the parties' briefs, and the relevant law, we find that the circuit court did not err in assessing the jury costs pursuant

to W. Va.Code § 52–1–17(c)(1) (2001) (Supp. 2003). In addition, we find that the circuit court's order assessing "costs" was sufficiently specific under the requirements of § 52–1–17(c).

## I.

### FACTUAL AND PROCEDURAL HISTORY

In 1996, Mr. Stanley Myers, defendant below and appellant herein (hereinafter referred to as "Mr. Myers"), was convicted after a jury trial of three counts of first degree sexual assault and one count of third degree sexual assault. These crimes were perpetrated against four minor male victims. Mr. Myers received three sentences of fifteen to thirty-five years for the first degree offenses, and one sentence of one to five years on the third degree offense. All of these sentences were to run consecutively.

Mr. Myers petitioned this Court for an appeal of his conviction, but his petition was denied. Thereafter, he instituted a civil habeas corpus action.[1] The circuit court ultimately denied habeas relief and Mr. Myers appealed. This Court accepted the appeal. After finding, *inter alia,* that Mr. Myers received ineffective assistance of counsel during his trial, we reversed his conviction and remanded the matter for a new trial.[2] After remand, Mr. Myers pled guilty to three counts of first degree sexual abuse, and one count of third degree sexual assault. He was sentenced to four consecutive one to five year terms. In addition, Mr. Myers was fined $8,000 and assessed costs. Mr. Myers requested a statement of his costs from the circuit clerk and learned that an amount of $10,125.54 was included for the jury that had participated in his initial trial; that is, the trial that had resulted in the conviction that was later reversed by this Court. Mr. Myers then filed in the circuit court a motion to correct judgment of costs. He also petitioned this Court for an appeal of the judg-

ment of costs. By order entered September 17, 2003, the circuit court granted Mr. Myers' motion to correct judgment of costs. A typographical error was identified and the jury costs were reduced to $1,012.54. Subsequently, we granted Mr. Myers petition for appeal on October 30, 2003, and we now affirm the circuit court's assessment of costs.

## II.

### STANDARD OF REVIEW

The order from which Mr. Myers appeals is his sentencing order. We have held that "[t]he Supreme Court of Appeals reviews sentencing orders ... under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. pt. 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997). However, the particular issues raised by Mr. Myers require us to interpret W. Va.Code § 52–1–17(c) to ascertain whether the statute may be applied to impose jury costs for a conviction that has been reversed, but where the defendant has subsequently been reconvicted. This poses a legal question of which our consideration is de novo. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995). With due regard for these standards, we consider the issues raised by Mr. Myers.

## III.

### DISCUSSION

Mr. Myers presents two issues for our review. The first issue is whether a trial court may, pursuant to W. Va.Code § 52–1–17(c), assess jury costs that arose from a criminal proceeding resulting in a conviction that was later reversed on appeal, when the defendant has pled guilty after remand by

---

1. Mr. Myers' habeas corpus case first came before this Court when Mr. Myers sought a writ of prohibition related to a discovery issue involving his assertion of his Fifth Amendment privilege during a deposition. *See State ex rel. Myers v. Sanders,* 206 W.Va. 544, 526 S.E.2d 320 (1999).

2. *See State ex rel. Myers v. Painter,* 213 W.Va. 32, 576 S.E.2d 277 (2002).

this Court.[3] If this question is answered affirmatively, then we must consider whether the circuit court's order in this instance complied with the express provisions of W. Va. Code § 52–1–17(c). We will address each of these issues in turn.[4]

### A. Assessing Jury Fees after Conviction Reversed on Appeal

█ The question of whether W. Va. Code § 52–1–17(c)(1) should be interpreted to allow jury costs for an earlier proceeding to be assessed where the earlier proceeding was reversed on appeal, but where the defendant was ultimately convicted on the same set of factual circumstances, is one of first impression for this Court.

█ W. Va. Code § 52–1–17(c)(1) states:

(c) Anytime a panel of prospective jurors has been required to report to court for the selection of a petit jury in any scheduled matter, the court shall, by specific provision in a court order, assess a jury cost. In circuit court cases the jury cost shall be the actual cost of the jurors' service, and in magistrate court cases, the jury cost assessed shall be two hundred dollars. Such costs shall be assessed against the parties as follows:

(1) In every criminal case, against the defendant upon conviction, whether by plea, by bench trial or by jury verdict;

Mr. Myers submits that, because W. Va. Code § 52–1–17(c)(1) directs assessment of jury costs against a criminal defendant "upon conviction," he may not be assessed jury costs for a proceeding that was later reversed on appeal as it did not result in a conviction. Because W. Va. Code § 52–1–17(c)(1) does not expressly answer the question with which we are presented in this case, we must endeavor to interpret this statute. In so doing, we must strive to ascertain and give effect to the Legislature's intended purpose for its enactment, as " '[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature.' Syllabus Point 1, Smith v. State Workmen's Comp. Comm'r, 159 W.Va. 108, 219 S.E.2d 361 (1975)." Syl. pt. 2, Taylor v. Nationwide Mut. Ins. Co., 214 W.Va. 324, 589 S.E.2d 55 (2003).

█ We have heretofore established that the assessment of costs is not for punitive purposes. "[C]osts are not punishment or part of the penalty for committing a crime." State ex rel. Canterbury v. Paul, 205 W.Va. 665, 670, 520 S.E.2d 662, 667 (1999). See generally 24 C.J.S. Criminal Law § 1738 (1989) ("Court costs are not

---

3. Mr. Myers additionally argues that assessing him jury costs arising from his first trial violates principles of Double Jeopardy. Mr. Myers' double jeopardy argument does not stand, because costs are not punitive. "As costs are not punishment or part of the penalty for committing a crime, constitutional double jeopardy protections do not apply." State ex rel. Canterbury v. Paul, 205 W.Va. 665, 670, 520 S.E.2d 662, 667 (1999).

4. The State contends that the issue raised in Mr. Myers' petition for appeal was that, because he was not specifically advised that he would be assessed jury costs when he entered his guilty plea, such plea was not entered into voluntarily and intelligently. The State notes that Mr. Myers has abandoned that argument. Consequently, the State contends that Mr. Myers has waived the only assignment of error asserted in his petition and urges this Court to now dismiss the petition as moot. With regard to the State's argument that Mr. Myers has waived the only argument asserted in his petition for appeal, this Court has observed that

Pro se pleadings and motions are held to less stringent standards than those drafted by law-

yers. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). Allegations, however inartfully pleaded, are sufficient to call for an opportunity to offer supporting evidence, unless it is " 'beyond doubt' " that the claimant could prove no set of facts entitling him to relief. Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263, 268 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957).

James M.B. v. Carolyn M., 193 W.Va. 289, 294 n. 9, 456 S.E.2d 16, 21 n. 9 (1995). Mr. Myers' basis for asserting in his petition for appeal that his plea was not voluntary or informed reflect the same arguments and factual background he now raises to challenge the assessment of those costs as a matter of statutory interpretation. While Mr. Myers may have changed his argument to a degree that would not be acceptable had these documents been filed by a lawyer, we do not hold him to the same standard. Given the leniency granted to pro-se litigants, this Court finds that the arguments in Mr. Myers brief were adequately preserved in his petition for appeal.

fines, and therefore, the costs of prosecution are purely compensatory, and not punitive." (footnotes omitted)). Consequently, we deduce that the clear legislative intent of this statute is simply to require one who is convicted of a crime to reimburse the State for the costs associated with a jury's participation in the proceedings leading to his or her conviction. It is from this perspective that we must interpret this statute to determine the extent to which the State should be reimbursed for jury costs. At this stage of our analysis, we must be mindful that W. Va.Code § 52–1–17(c)(1) is a statute in derogation of the common law.[5] *See, e.g., State v. St. Clair,* 177 W.Va. 629, 631, 355 S.E.2d 418, 420 (1987) ("Allowance and recovery of costs was unknown at common law, and therefore only costs specifically allowed by statute may be recovered."). For this reason, it must be strictly construed.

" 'Statutes in derogation of the common law are allowed effect only to the extent clearly indicated by the terms used. Nothing can be added otherwise than by necessary implication arising from such terms.' Syllabus Point 3, *Bank of Weston v. Thomas,* 75 W.Va. 321, 83 S.E. 985 (1914)." Syllabus Point 6, *City of Fairmont v. Re-*

*tail, Wholesale, and Department Store Union, AFL–CIO,* 166 W.Va. 1, 283 S.E.2d 589 (1980).

Syl. pt. 7, *Teter v. Old Colony Co.,* 190 W.Va. 711, 441 S.E.2d 728 (1994). *See also Bice v. Boothsville Tel. Co.,* 62 W.Va. 521, 524, 59 S.E. 501, 502 (1907) ("All costs are of statutory authorization, for the common law gave none in any case.... Statutes relating to costs must be strictly construed.").

Admittedly, few cases address the specific issue presented in this case. The theory advocated by Mr. Myers, though, does have some support. These cases reason that when a conviction is reversed, the conviction is nullified and the slate is wiped clean so no jury costs may be assessed,[6] or that where the reversal is the result of misconduct on the part of the state, the defendant cannot be assessed costs.[7] However, we do not find that the reasoning in these cases fulfills the legislative goal of requiring a convicted criminal to reimburse the State for the costs it has expended to provide him or her a jury. Moreover, to adopt such a view would require us to ignore portions of the language contained in § 52–2–17(c), and this we cannot do.

**5.** Indeed, it has been recognized that jury costs may not be assessed against a convicted defendant unless specifically authorized by statute. *See U.S. v. Banks–Giombetti,* 245 F.3d 949, 952 (7th Cir.2001) ("The district court's authority to assess costs against criminal defendants ... is found in 28 U.S.C. § 1918(b) and Rule 57(b) of the Federal Rules of Criminal Procedure. Section 1918(b) provides that district courts may in their discretion assess the costs of prosecution against unsuccessful criminal defendants in non-capital cases.... The costs that may be assessed, however, must be authorized by statute ...." (citations omitted)); *Cranor v. State,* 699 N.E.2d 284, 287 (Ind.Ct.App.1998) (" '[E]xpenses such as those incurred in connection with juries may not be assessed against a convicted defendant unless such assessment has been specifically authorized by the legislature.' " (citation omitted)); *State v. Jungclaus,* 176 Neb. 641, 126 N.W.2d 858, 864 (1964) ("the costs in criminal actions are statutory and, in the absence of a statute authorizing the taxing of specific items as costs, the power to do so does not exist."); *State v. District Court of Milwaukee County,* 145 Wis. 138, 130 N.W. 58, 59 (1911) ("The subject of costs and the items thereof are largely matters of legislative discretion, and the Legislature can add or take away such items as it deems proper,

provided the exercise of its discretion in that regard is reasonable. It is certainly competent for it to say that, in addition to other costs, the defendant, if convicted, shall pay the fees of the jury." (citation omitted)). W. Va.Code § 52–1–17(c) specifically authorizes West Virginia Courts to assess jury costs against a convicted defendant.

**6.** *See State of Nebraska v. Kula,* 262 Neb. 787, 791, 635 N.W.2d 252, 255 (2001) (relying on precedent holding that "generally a conviction reversed on appeal is nullified, and the slate is wiped clean"; and holding that because two convictions that predated plea of no contest by defendant had been reversed on appeal, the costs of those two proceedings could not be assessed against defendant (citation omitted)).

**7.** *See State v. Kortum,* No. CA2001–04–034, 2002 WL 237370 (Ohio Ct.App. Feb. 19, 2002) (unpublished opinion) (concluding that where a defendant was twice convicted for the same conduct following jury trials, the first trial being reversed due to an error committed by the state, the defendant could not be assessed costs of the first trail because the reversal of that conviction was due to an error by the state).

"Each word of a statute should be given some effect and a statute must be construed in accordance with the import of its language. Undefined words and terms used in a legislative enactment will be given their common, ordinary and accepted meaning." Syllabus point 6, in part, *State ex rel. Cohen v. Manchin*, 175 W.Va. 525, 336 S.E.2d 171 (1984).

Syl. pt. 2, *State v. Snodgrass*, 207 W.Va. 631, 535 S.E.2d 475 (2000). W. Va.Code § 52–1–17(c) states that "[a]*nytime* a panel of prospective jurors has been required to report to court for the selection of a petit jury in *any* scheduled matter, the court *shall*, by specific provision in a court order, assess a jury cost." (Emphasis added). The common meaning of the term "anytime" is understood to be "invariably; without doubt or exception; always." Random House Webster's Unabridged Dictionary 96 (2d ed. 1998). Thus, the statute plainly seeks to reimburse the state for each reporting jury. We also find significant the fact that the court's duty to assess jury costs is mandatory, as evidenced by the use of the directive term "shall."[8] "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syl. pt. 1, *Nelson v. West Virginia Public Employees Insurance Board*, 171 W.Va. 445, 300 S.E.2d 86 (1982). *Accord State v. Allen*, 208 W.Va. 144, 153, 539 S.E.2d 87, 96 (1999) ("Generally, 'shall' commands a mandatory connotation and denotes that the described behavior is directory, rather than discretionary." (citations omitted)). Nevertheless, Mr. Myers correctly notes that subsection (1) of § 52–1–17(c) instructs that in criminal cases, jury costs are assessed "upon conviction, whether by plea, by bench trial or by jury verdict." Though Mr. Myers contends that this language limits the assessment of jury costs to only those proceedings immediately preceding the conviction, we disagree, as this language must be harmonized with the provisions of § 52–1–17(c) requiring the circuit courts to assess costs "[a]*nytime* a panel of prospective jurors has been required to report to court . . . ."

In searching for balance among these various statutory provisions, we find persuasive the theory that jury costs for more than one criminal proceeding may be assessed based upon the rationale that there is only one continuing prosecution. Under this theory, the state is adequately reimbursed for *all* jury costs incurred in connection with a particular instance of criminal conduct.[9] For example, in *State v. Cooley*, No. 02–1448, 665 N.W.2d 441, 2003 WL 1530631 (Iowa Ct.App. 2003) (unpublished opinion),[10] the defendant was tried and convicted of third-degree burglary. He appealed the conviction and the Supreme Court of Iowa "reversed the conviction because the district court failed to inquire and advise [the defendant] of the dangers of proceeding to trial pro se." *Cooley* at **1 (citing *State v. Cooley*, 608 N.W.2d 9, 18 (Iowa 2000)). On remand, the defendant entered a plea of guilty to third-degree murder. *Id.* The defendant was then ordered to pay restitution,

---

**8.** We pause to note, however, that the legislature has granted limited discretion to courts to forego assessment of jury costs. In this regard, W. Va.Code § 52–1–17(c)(3) provides:

In the discretion of the court, *and only when fairness and justice so require*, a circuit court or magistrate court *may forego assessment of the jury fee*, but shall set out the reasons therefor in a written order: Provided, That a waiver of the assessment of a jury fee in a case tried before a jury in magistrate court may only be permitted after the circuit court, or the chief judge thereof, has reviewed the reasons set forth in the order by the magistrate and has approved such waiver.

(Emphasis added).

**9.** The "upon conviction" language of W. Va.Code § 52–1–17(c)(1) properly precludes assessing jury costs against a criminal defendant who is never convicted of the crimes charged, even if jurors are called to participate at some stage of the proceedings.

**10.** This court normally does not cite unpublished decisions. *See Henry v. Benyo*, 203 W.Va. 172, 176 n. 3, 506 S.E.2d 615, 616 n. 3 (1998) (declining to rely on an unpublished opinion). However, given the dearth of published opinions dealing with the issue before us, we necessarily rely on several unpublished opinions. *Cf.* 4th Cir. R. 36(c) (acknowledging general disfavor for citing unpublished opinions, but stating that "[i]f counsel believes . . . that an unpublished disposition of this Court has precedential value in relation to a material issue in a case and that there is no published opinion that would serve as well, such disposition may be cited . . . .").

including court costs and fees associated with his prosecution that had been reversed on appeal. *Id.* The defendant appealed the order, challenging the amount of the restitution he was required to pay, and claiming *inter alia* that he should not be assessed the fees and costs associated with his first prosecution. *Id.* The Court of Appeals of Iowa concluded that the defendant ultimately

> pled guilty to third-degree burglary based upon the same set of transactions and occurrences that had supported his initial conviction for third degree burglary, habitual offender. By pleading guilty to burglary after his conviction was reversed, [the defendant] admitted guilt.... [U]nder the circumstances presented in this case, we find no abuse of discretion by the district court in ordering restitution which included the costs of Cooley's initial conviction that was reversed.

*Id.*, 2003 WL 1530631, at **2.[11] We find similarly persuasive the line of cases allowing costs for more than one proceeding involving the same prosecution where there has been a mistrial. *See State v. Buchanan,* 78 Wash. App. 648, 898 P.2d 862, 864 (1995) (per curiam) (concluding that, where trial for second degree rape ended in mistrial and defendant then pled guilty to fourth-degree assault, costs could be assessed for mistrial even though the guilty plea was for a different offense, and explaining that "the costs of the mistrial are part of the prosecution of the defendant. So long as the charges in the trials are the same or based on the same facts, the mistrial costs may properly be assessed when, as here, the applicable statutes allow costs for 'prosecuting' a convicted defendant."); *Nicholson v. State,* 24 Wyo. 347, 357–58, 157 P. 1013, 1016 (1916) (applying, in a case where defendant was assessed costs for both mistrial and subsequent trial resulting in conviction, a statute directing that "[i]n all cases of a conviction of an offense, the court shall render judgment against the defendant for the costs of prosecution." Section 6034, Comp. Stat. 1910, and commenting that "[i]t is the general rule that when judgment is rendered against a party to an action after he has secured a new trial on appeal he should be taxed with the costs of the trial court on the first trial as well as on the second trial.... The reason for so doing is still stronger where there has been a mistrial not resulting in a judgment.") (citing *Williams v. Hughes,* 139 N.C. 17, 51 S.E. 790 (1905)). *Cf. State v. Foster,* 100 Wis.2d 103, 301 N.W.2d 192, 196 (1981) ("When a defendant cancels a jury trial at the eleventh hour to accept a plea negotiation offered by the state, he risks the taxation of costs under 2. sec. 973.06, and the discretionary assessment of jury fees under sec. 814.51.").

■ Applying the foregoing reasoning to our statute, we hold that, a criminal defendant may be assessed jury costs, pursuant to W. Va.Code § 52–1–17(c)(1) (2001) (Supp. 2003), that the state incurred in connection with a criminal proceeding that has been reversed on appeal, so long as the criminal defendant ultimately has been convicted in a reprosecution of the case, either by plea, bench trial, or jury.

Turning to the instant case, we conclude that the circuit court did not err in assessing jury costs against Mr. Myers. Mr. Myers pled guilty in a reprosecution of his case after his conviction had been reversed on appeal and remanded.[12] Having determined that the circuit court was within its authority to assess jury costs against Mr. Myers, we now must determine whether the circuit court's order complied with the express provisions of W. Va.Code § 52–1–17(c).

### B. Requirements for Order Assessing Jury Costs

■ Mr. Myers contends that the circuit court's order failed to comply with W. Va.

---

11. The Iowa statute addressing restitution states: "In all criminal cases in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender ..." Iowa Code § 910.2 (2002) (West 2003).

12. We note that the sentencing order rendered by the circuit court in connection with Mr. Myers conviction that was reversed on appeal also included an assessment of costs. Consequently, we need not decide whether the outcome we reach today would be different if the initial sentencing order had failed to assess costs.

Code § 52–1–17(c) as it did not contain the requisite specificity. W. Va.Code § 52–1–17(c) states, in relevant part, that "the court shall, *by specific provision in a court order,* assess a jury cost." (Emphasis added). The circuit court's sentencing order stated, *inter alia,* "[t]he State shall recover of the Defendant its costs in this behalf expended." Mr. Myers argues that the term "costs" is too general to include jury costs and, therefore, the judgment order does not contain the "specific provision" required by W. Va.Code § 52–1–17(c). We disagree.

While we have never before addressed the specific question of whether an order imposing "costs" was precise enough to fulfill the "specific provision" requirement of W. Va. Code § 52–1–17(c), we have previously included "jury costs" within the general meaning of "costs" in other contexts. For example, in *King v. Ferguson,* 198 W.Va. 307, 315, 480 S.E.2d 516, 524 (1996) (per curiam), this Court, concluded that a trial court had properly assessed jury costs against a plaintiff under the authority of Rule 68(c) of the West Virginia Rules of Civil Procedure, which refers merely to "costs" in providing that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the *costs* incurred after the making of the offer." The same view of the term "costs" had been adopted by numerous courts. *See General Refractories Co. v. Federal Ins. Co.,* No. CIV. A. 00–5508, 2001 WL 1580173 (E.D.Pa. Dec. 6, 2001) (unpublished opinion) ("Generally, the term 'court costs' encompasses those expenses incurred by a party which have been taxed as costs by the court. Items that courts have held may be awarded as *costs include:* docket fees, *jury fees,* photocopy costs, deposition costs, and the like." (emphasis added) (citations omitted)); *Weber v. Kessler,* 179 Cal.Rptr. 299, 301, 126 Cal.App.3d 1033, 1036 (1981) ("[C]*osts include,* but are not limited to, expert witness and *jury fees,* depositions, and expenses incurred in executing the judgment." (emphasis added)); *Roget v. Grand Pontiac, Inc.,* 5 P.3d 341, 348 (Colo.Ct.App. 1999) ("Items that courts have held may be awarded as costs include: docket fees, *jury fees,* photocopy costs, deposition costs, mileage, parking, delivery, and long distance tele-

phone charges." (emphasis added) (citations omitted)); *People v. White,* 333 Ill.App.3d 777, 267 Ill.Dec. 464, 776 N.E.2d 836, 839 (2002) ("*A 'cost' is a* charge or fee taxed by a court such as a filing fee, *jury fee,* courthouse fee, or reporter fee." (emphasis added) (citation omitted)); *State v. Powers,* 117 Ohio App.3d 124, 690 N.E.2d 32, 34 (1996) ("Although there appears to be a dearth of case law interpreting these statutes, we find that the legislature intended that *costs of prosecution, including jury fees,* can be assessed against a defendant only if the state is successful." (emphasis added)). *See Generally Black's Law Dictionary* 349–50 (7th ed. 1999) (defining costs in sense 2 as "[t]he charges or fees taxed by the court, such as filing fees, *jury fees,* courthouse fees, and reporter fees.—Also termed *court costs.*" (first emphasis added)). *But see Gantt v. State,* 109 Md.App. 590, 597–98, 675 A.2d 581, 585 (1996) ("The ordinary import of the term 'court costs' supports the conclusion that jury costs are not 'court costs' under Rule 4–353. Jury costs are generally not understood to be 'court costs,' and are usually not included within the costs imposed by courts in civil and criminal cases.").

 Based upon the foregoing, we hold that a court order directing a convicted criminal defendant to pay "costs" is sufficient to assess jury costs in compliance with the provision of W. Va.Code § 52–1–17(c) (2001) (Supp.2003) directing that a court order shall assess jury costs "by specific provision." Consequently, the circuit court's order in the instant case was sufficient to assess jury costs against Mr. Myers.

## IV.

## CONCLUSION

For the reasons stated in the body of this opinion, the circuit court's assessment of jury costs against Mr. Myers is affirmed.

Affirmed.

Justices STARCHER, dissents and files a dissenting opinion.

Justice ALBRIGHT dissents and files a dissenting statement.

STARCHER, Justice, dissenting.

(Filed June 25, 2004)

I agree with the principles of statutory construction that are recited by the majority opinion. But I disagree with their application in the instant case.

"Strict construction" of a statute means that if there is any plausible reading of the statute that goes against the State, that construction must be followed. The majority's reasoning offers a barely plausible construction of *W.Va.Code*, 52–1–17(c) that goes for the State—but clearly it is not the only possible construction.

To read the statute as permitting an award of jury costs only if there has been a conviction is also plausible. This plausible construction, being favorable to the defendant, is the one that we are required to adopt.

The bottom line in the instant case is that a criminal defendant is being required to pay the costs of an illegal criminal proceeding, where his constitutional rights were grossly violated, and in which he ultimately prevailed.

That is like making me pay for a paint job on my car, when the paint shop used the wrong color. This would not be fair to me, and the majority opinion's result is not fair to Mr. Myers.

Accordingly, I dissent.

ALBRIGHT, Justice, dissenting.

(Filed June 25, 2004)

I respectfully dissent on the grounds assigned by Justice Starcher in his dissenting opinion.