# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0444** (Pocahontas County 13-F-14)

**Kristopher Dale Nutter,**
**Defendant Below, Petitioner**

**FILED**

February 27, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner and defendant below, Kristopher Dale Nutter, by counsel Paul S. Detch, appeals the March 18, 2014, order of the Circuit Court of Pocahontas County that sentenced him to one to five years of incarceration for each of two counts of delivering a controlled substance following a jury verdict. The State of West Virginia, by counsel Derek A. Knopp, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 18, 2013, petitioner was indicted on five counts of delivery of a controlled substance (marijuana), as follows: three counts relating to delivery to a confidential informant; one count of delivery to an undercover officer; and one count of delivery to one Teresa Teter. Petitioner represents that he offered to plead guilty to several misdemeanors or to one felony. The State refused petitioner's offer, advising him that it was willing to allow petitioner to plead guilty to all of the charges contained in the indictment in exchange for the State remaining silent at sentencing. Petitioner declined the State's counteroffer.

A jury trial was conducted on August 1, 2013. Petitioner was convicted of two felony counts[1]--one relating to delivering marijuana to an undercover officer and one relating to delivering marijuana to Teresa Teter. Petitioner was sentenced to one to five years of incarceration for each count. By order entered March 18, 2014, the circuit court ordered that the sentences be served concurrently; that the sentences be suspended; that petitioner be placed on probation for five years; and that he pay the costs of the proceedings (amounting to $2,917.85). The circuit court further ordered that petitioner not be subjected to any monetary fine. This

---

[1] Count V of the Indictment, relating to delivery of marijuana to a confidential informant, was, according to petitioner, "stricken by motion."

1

appeal followed.

This Court "'reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.'" Syl. Pt. 1, in part, *State v. Rebecca F.*, 233 W.Va. 354, 758 S.E.2d 558 (2014) (quoting Syl. Pt. 1, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)).

In his first assignment of error, petitioner argues that West Virginia's system of designating all crimes as either a felony or misdemeanor violates the state constitutional provision requiring that "penalties shall be proportional to the character and degree of the offense." *See* W.Va. Const. art. III, § 5. Petitioner contends that the non-violent crimes of which he was convicted should not be categorized and punished in the same manner as more egregious offenses, particularly given that, in petitioner's view, marijuana is no longer considered to be a dangerous drug. We find petitioner's argument to be without merit.

Petitioner was convicted of violating West Virginia Code § 60A-4-401(a), which prohibits any person from manufacturing, delivering, or possessing with intent to manufacture or deliver, a controlled substance. A person convicted under this statute may be sentenced to one to five years in prison. *Id.* The classification of petitioner's crimes as felonies is solely within the province of the legislature. "The power of the Legislature to prescribe the punishment for the offense is very broad, and must be left to the judgment of that body as to what punishment will be adequate for the purpose of deterring others from the commission of crime, and for the reformation of the offender." *State v. Painter*, 135 W.Va. 106, 117, 63 S.E.2d 86, 94 (1950). *See State v. Mann*, 205 W.Va. 303, 316, 518 S.E.2d 60, 73 (1999) (stating that "'[t]he legislature has broad power in prescribing punishments for criminal offenses, limited only by the constitutional prohibition against cruel and unusual punishments or disproportionate sentences.' *State v. Glover,* 177 W.Va. 650, 355 S.E.2d 631 (1987)."). The Legislature made a policy decision in classifying petitioner's crime as a felony, a decision with which this Court will not interfere. *See State ex rel. Blankenship v. Richardson*, 196 W.Va. 726, 731, 474 S.E.2d 906, 911 (1996) (stating that this Court does not "'sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the legislature to consider facts, establish policy, and embody that policy in legislation.' *Boyd v. Merritt,* 177 W.Va. 472, 474, 354 S.E.2d 106, 108 (1986).").

Furthermore, it is undisputed that petitioner was sentenced within the statutory limits for his crimes. "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). *See State ex rel. Hatcher v. McBride*, 221 W.Va. 760, 764, 656 S.E.2d 789, 793 (2007) (stating that "[h]istorically, this Court has declined to intervene in cases where judicially-imposed sentences are within legislatively prescribed limits.").

Next, petitioner argues that because county governments are required to bear the costs for housing misdemeanants while the State bears the costs for housing felons,[2] there exists "an

---

[2] *See* W.Va. Code §§ 31-20-10 and 10a; *State ex rel. Reg'l. Jail & Corr. Fac. Auth. v. Cnty. Comm'n. of Cabell Cnty.*, 222 W.Va. 1, 4, 657 S.E.2d 176, 179 (2007).

impermissible pressure on counties to reduce their costs by charging and accepting pleas only for felonies." Petitioner argues that this dual system of financing violates article II, section 17 of the West Virginia Constitution, which provides, in part, that "justice shall be administered without sale." Petitioner surmises that the assistant county prosecuting attorney's refusal to negotiate a plea in this case was improperly motivated by the financial incentive related to the fact that the State, rather than the county, bears the cost of incarcerating felons. Petitioner argues further that he was ultimately sentenced to "the exact penalty as though he had been convicted of a misdemeanor" and that the only difference between the "felony charge and if he had been charged with a misdemeanor is simply the costs to the county."

Petitioner's supposition that there was undue pressure on the assistant county prosecutor to only accept a plea for the felonies as charged in the indictment is completely unfounded and unsupported in the record. Moreover, petitioner's crime—delivery of a controlled substance—was classified by the Legislature as a felony,[3] and petitioner was properly charged and subsequently convicted of such a crime based upon his illegal activities.[4] The State was not required to negotiate a plea. As we have previously stated, "'there is no absolute right under either the West Virginia or the United States Constitution to plea bargain. To this end, we have noted that a defendant has "no constitutional right to have his case disposed of by way of a plea bargain [.]"'" *State v. Myers*, 204 W.Va. 449, 457, 513 S.E.2d 676, 684 (1998) (quoting *State ex rel. Brewer v. Starcher,* 195 W.Va. 185, 192, 465 S.E.2d 185, 192 (1995) (internal citation omitted)).

In his third assignment of error, petitioner argues that a conviction under West Virginia Code § 60A-2-204(d), which classifies marijuana as a Schedule I drug, requires the State to prove that marijuana meets the requirements of a Schedule I drug, as set forth in West Virginia Code § 60A-2-203. West Virginia Code § 60A-2-203 requires that

[t]he State Board of Pharmacy shall recommend to the legislature that a substance be included in Schedule I if it finds that the substance:

(1) [h]as high potential for abuse; and
(2) [h]as no accepted medical use in treatment in the United States or lacks accepted safety for use in treatment under medical supervision.

Petitioner argues that the State must prove the foregoing by a preponderance of the evidence in order to criminalize marijuana or, at the very least, it must prove that the recommendation is current. Petitioner contends that, during trial, Carrie J. Kirkpatrick, an expert from the West Virginia State Police Crime Lab, testified that she did not know if marijuana met

---

[3] *See Mann*, 205 W.Va. at 316, 518 S.E.2d at 73; *Blankenship*, 196 W.Va. at 731, 474 S.E.2d at 911.

[4] On appeal, petitioner makes no attempt to deny that he engaged in such activities; rather, he attempts to justify his crimes by stating that he sold marijuana because he needed money to financially support his children in a poor economy.

the statutory requirements of a Schedule I substance. Petitioner argues that he should be awarded a new trial in which the State will be required to prove that the requirements of West Virginia Code § 60A-2-203 have been or can be satisfied.

The Legislature has designated marijuana to be a Schedule I substance. *See* W.Va. Code § 60A-2-204(d)(19).[5] The prohibited act of which petitioner was convicted, delivering a controlled substance, requires that the State prove that the substance delivered is a classified Schedule I substance. W.Va. Code § 60A-4-401(a)(ii). The State satisfied its burden of proof in this regard. It was not required to prove that marijuana should be or is properly classified as such. *See State v. Poling*, 207 W.Va. 299, 306, 531 S.E.2d 678, 685 (2000) (holding that "medical necessity is unavailable as an affirmative defense to a marijuana charge in West Virginia because the Legislature has designated marijuana as a Schedule I controlled substance with no exception for medical use.").

In his final assignment of error, petitioner argues that he substantially prevailed at trial and, therefore, should not be required to pay the $2,917.85 in court costs, as ordered by the circuit court. Petitioner contends that, in light of the State's refusal to meaningfully negotiate a plea, he was forced to exercise his constitutional right to a jury trial. He argues that, given that he was convicted of only two counts (or 40%) of the offenses charged in the indictment and was not given a sentence any greater than could have been imposed if he had pled guilty to a misdemeanor, at the very least, he should be required to pay only 40% of the costs. Petitioner's argument is not persuasive.

This Court has "heretofore established that the assessment of costs is not for punitive purposes. '[C]osts are not punishment or part of the penalty for committing a crime.' *State ex rel. Canterbury v. Paul,* 205 W.Va. 665, 670, 520 S.E.2d 662, 667 (1999)." *State v. Myers*, 216 W.Va. 120, 124-25, 602 S.E.2d 796, 800-01 (2004). Rather, "the costs of prosecution are purely compensatory . . . ." *Id.* (quoting 24 C.J.S. *Criminal Law* § 1738 (1989)). Requiring a convicted criminal to pay court costs is well settled in West Virginia law. *See* W.Va. Code §§ 62-5-7, 62-5-10, and 62-12-9(b)(2). Petitioner fails to cite any legal authority supporting his contention that the amount of court costs to be paid should be linked to the number of counts in an indictment of which a defendant is ultimately convicted.

For the foregoing reasons, we affirm.

Affirmed.

---

[5] West Virginia Code § 60A-1-101(q) defines "marijuana" as "all parts of the plant 'Cannabis sativa L.', whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture or preparation of the plant, its seeds or resin."

**ISSUED:**  February 27, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II