# CHARLESTON.

## WARMAN v. HERNDON, JUDGE, ETC.

### Submitted January 22, 1918.  Decided January 29, 1918.

1. COSTS—*Award on Dismissal of Defendant—Statute.*

    On the voluntary dismissal or discontinuance by plaintiff of his suit against one only of several defendants, who has appeared and demurred and his demurrer has been overruled, the court has no jurisdiction to award such dismissed defendant in addition to actual costs incurred by him a judgment or decree for the statutory fee of $20.00, given by section 13 of chapter 138, Code. In such cases the judgment or decree should be for such actual costs and in addition thereto $5.00, as upon a non suit, and as provided by section 6, of chapter 125, of the Code. (p. 576).

2. PROHIBITION—*Judgment for Costs.*

    A judgment or decree in favor of such dismissed defendant for such statutory fee of $20.00 is illegal and void, and the enforcement thereof as to such statutory fee may be restrained by writ of prohibition. (p. 577).

Original prohibition by W. H. Warman against Hon. I. C. Herndon, Judge of the Circuit Court of Mercer County, and others.

*Writ awarded.*

*Arthur F. Kingdon,* for petitioner.

*Russell S. Ritz,* for respondents.

MILLER, JUDGE:

Petitioner would have us by peremptory writ prohibit the Honorable I. C. Herndon, Judge of the circuit court of Mercer County, and Delia S. Schoonover, defendants, and each of them, from enforcing by execution issued out of the clerk's office of said court, January 5, 1918, so much of the judgment of said court theretofore rendered in the chancery cause of said Warman against said Schoonover and others as includes the statutory fee of $20.00 covered thereby.

The circuit Judge has made no return to the rule awarded herein on January 9, 1918, but Mrs. Schoonover has answered, and from her answer and the exhibits therewith it is shown, in accordance with the contentions of the petitioner, that process in said chancery cause was issued September 10, 1917, against Delia S. Schoonover, Dealy S. Schoonover, Mrs. R. D. Schoonover, W. J. Schoonover, P. T. Lilly, C. R. Lilly, trustee, and G. B. Scott; returnable to October rules, 1917; that at October rules the process was returned executed as to said Delia S. Schoonover, P. T. Lilly and C. R. Lilly, trustee, the bill filed and a decree nisi as to defendants served, and the cause continued for process as to defendants W. J. Schoonover and G. B. Scott; and that at the November rules following the decree nisi was confirmed and cause set for hearing as to said Delia S. Schoonover, P. T. Lilly and C. R. Lilly, trustee, but was again continued for process as to W. J. Schoonover and G. B. Scott, not served.

Such was the status of the cause when the decree complained of was pronounced, except that while no order was entered filing the same it appears that the demurrer interposed by the said Delia S. Schoonover, and overruled by said decree, was accompanied by her answer to the bill, but which

was not filed, and contrary to the recital in said order, the rules endorsed by the clerk on the bill do not show the filing of said demurrer at rules.

But though the decree shows the demurrer to the bill was overruled, there was no rule to answer or plead, and no answer was filed or tendered, and immediately plaintiff for reasons not material to the disposition of the case, but averred in his special replication to the return, moved the court to dismiss his bill as to the defendant Delia S. Schoonover only, and it was so ordered, and the decree in her favor for costs was awarded against petitioner, including the statutory fee of $20.00, the subject of the present writ.

The claim of the petitioner is that the decree for the statutory fee of $20.00 was extra judicial, and that prohibition lies to restrain the collection thereof; that the only decree to which respondent was then entitled on his dismissal and discontinuance of the cause as to her, was for the actual costs incurred by her upon her demurrer, and the sum of $5.00, given by section 6, of chapter 125, of the Code, providing: "If the plaintiff * * * * shall, at any time after the defendant's appearance, fail to prosecute his suit, he shall be nonsuited, and pay to the defendant, besides his cost, five dollars."

This statute it seems to us covers the subject, and is the one applicable to the status of the case when the decree was pronounced. Early in Virginia a similar statute, construed with reference to other statutes relating to the subject of costs and corresponding to like statutes in this state was held to cover all cases of dismissions and discontinuances produced by the voluntary abandonment of a cause by plaintiff after defendant's appearance, whether in the office or in court, and that such dismission ought to be entered up as non-suits. *Pinner* v. *Edwards*, 6 Rand. 675.

The contention of counsel for Mrs. Schoonover, however, is that she was the one substantially prevailing in the cause and was entitled to the statutory fee of $20.00 by virtue of section 13, chapter 138, of the Code, relating to costs generally, and providing that the clerk in taxing costs shall include in the costs decreed to the prevailing party in a chancery cause not less than fifteen and not more than twenty dol-

lars, as the court may prescribe.    But can Mrs. Schoonover be said to have been the prevailing party? We think not; her demurrer was overruled, and though she was not ruled to plead or answer, and the plaintiff at once dismissed and discontinued the cause as to her, and as to her only, this was not a disposal of the cause on its merits, she did not prevail, nothing was decided in her favor, and it seems to us all that she could claim and that all the court had jurisdiction to give her was the costs as prescribed by said section 6, of chapter 125, of the Code. As was said by JUDGE POFFENBARGER in *Bice v. Telephone Co.,* 62 W. Va. 521, 524, respecting sections 8 and 11 of said chapter 138, of the Code, so we may say with respect to section 13 thereof, relied on by respondent, that it clearly contemplates the award of costs to the prevailing party on final judgment or decree, and not to cases of dis- missal, or discontinuances thereof, as to one or more of the parties.

But does prohibition lie in such cases?    Costs are given only by statute.    Without statutory authority a court has no authority or jurisdiction to award costs.    We have decided heretofore that prohibition does go to judgments for costs not given by authority of some statute.    *Bice* v. *Telephone Co., supra; Wilkinson* v. *Hoke, Judge,* 39 W. Va. 403; *West Virginia Central Gas Co.* v. *Holt, Judge,* 66 W. Va. 516, and cases cited.

We are of opinion, therefore, to award the writ; but as to the statutory fee of $20.00 only.    But our decision to do this must not be construed as intended to deny respondent Mrs. Schoonover the right to have awarded besides the costs actually incurred by her in the cause the sum of five dollars as provided by said section 6, of chapter 125, of the Code.

*Writ awarded.*