# CHARLESTON.

STATE *Ex Rel.* ANNA F. RINGER v. P. D. MORRIS AND OTHERS.

Submitted September 4, 1918.   Decided September 10, 1918.

1. COSTS—*Prohibition—Costs as Dependent on Statute—When Writ Lies.*

   Costs are only awarded by virtue of a statute authorizing the same, and in case of such award without such authority prohibition will lie to prevent the execution of a judgment therefor.  (p. 494).

2. SAME—*Dismissal of Suit—Damages and Attorney's Fees.*

   Upon the dismissal of a suit at rules by a party instituting the same, the clerk has no authority to enter a judgment against the plaintiff for damages and an attorney's fee.  (p. 494).

3. SAME—*Award—Necessity of Controversy.*

   In order to the award of costs to a party in any suit there must have been a controversy between that party and the party against whom the award is sought.  (p. 494).

4. SAME—*Award—Parties in Same Interest.*

   In a chancery suit, for the purpose of determining between whom the controversy exists, all parties having the same interest

to be subserved will be placed on one side, and those having an adverse interest on the other, notwithstanding this may make necessary a different alignment of parties than is made in the formal pleadings. There can be no award of costs to a party in such suit against another when the interests of each therein are the same, although one of them may be a plaintiff and the other a defendant. (p. 494). ᶜ

5. SAME—*Award—Motions.*

The authority given by §4 of ch. 138 of the Code to award costs on any motion does not contemplate the award of costs on motions made by the parties during the continuance of the proceedings, and as part thereof. (p. 495).

Prohibition by the State, on the relation of Anna F. Ringer, against P. D. Morris and others.

*Writ awarded.*

*W. R. Brown,* for petitioner.

*Law & McCue,* for respondents.

RITZ, JUDGE:

This is an application to this court for a writ of prohibition against the execution of two alleged judgments for costs rendered in the circuit court of Doddridge county. The relator here instituted a chancery suit in the circuit court of Doddridge county to subject to sale the real estate of Glen B. Ringer, in satisfaction of the liens against it, the process in which was returnable to May rules, 1918. Besides the said Glen B. Ringer there were a number of other defendants to the bill, creditors having liens against his real estate, among them being the respondent West Union Grocery Company. At May rules plaintiff did not file her bill, and the West Union Grocery Company took a rule requiring her to plead. At June rules the plaintiff dismissed her suit and paid the costs accrued. At the same time the judgment lien in favor of the West Union Grocery Company was fully paid off and discharged, a receipt executed in full therefor, and a release of the lien likewise executed. At a subsequent day, but during the June rules, the clerk entered an order in the case of Anna F. Ringer against Glen B. Ringer and others, re-

citing that judgment for costs was rendered in favor of the defendant against plaintiff, and for five dollars damages. Upon this record he issued an execution taxing in the costs an attorney's fee of twenty dollars, and the five dollars damages, and seventy-five cents for some other purpose, presumably for entering the judgment, all costs which had actually been incurred having been theretofore paid by the plaintiff. This execution was by the sheriff of Doddridge county levied upon the personal property of the relator. Relator then, upon notice, moved the circuit court of Doddridge county to quash this execution, which motion the court overruled, and rendered judgment against the relator for the costs of the motion, including an attorney's fee of ten dollars, and this proceeding was then instituted for the purpose of prohibiting the execution of both of said judgments for costs. The contention of the relator is that these alleged judgments for costs were entirely without authority of law. At common law costs were not awarded to the prevailing party in a suit. It is only by virtue of statute that the courts have jurisdiction to award costs. *Warman* v. *Herndon,* 81 W. Va. 574, 94 S. E. 977. And it is likewise established by our decision that where costs not allowed by statute are awarded, prohibition will lie to prevent the execution of the judgment therefor. *Warman* v. *Herndon, supra,* and authorities there cited. Did the clerk of the circuit court of Doddridge county have any authority to render a judgment for costs in this case? This judgment is made up of an attorney's fee of twenty dollars, which is by far the largest part of it. It is true that the clerk in taxing costs in a case where costs have been awarded is directed by statute to include therein, in a chancery cause, a counsel fee of not less than fifteen dollars, nor more than twenty dollars, to be fixed by the court. This very language presupposes that the court has acted upon it, has directed that the costs be awarded to the one party or the other, and has fixed the amount to be allowed as an attorney's fee. The clerk has no authority to say that it shall be fifteen, sixteen, or twenty dollars. This authority is vested in the court alone.

Again, the statute provides for the award of costs to the

prevailing party. This presupposes that there is an issue of law or fact between the parties which has been decided before there can be a prevailing party. In this case the plaintiff in the chancery cause and the defendant who procured this judgment for costs had no controversy between them. The West Union Grocery Company was made a defendant because it held a lien against the estate sought to be subjected to sale. This lien was not attacked, and it did not by any pleading make an issue between itself and the plaintiff. While it was in form a defendant in the suit, being a proper party thereto, and not having joined itself as plaintiff, in effect it was a co-plaintiff. No relief was sought against it, and if it did not desire any relief in the suit it need take no action whatever. If it did desire to have its lien enforced it could take advantage of the suit brought by the plaintiff for that purpose, so that it seems quite clear to us that there was no prevailing party here as between the plaintiff and the West Union Grocery Company to justify the rendition of a judgment for costs. We had as well say, in case plaintiff had gone on and prosecuted her suit, that she would be entitled to take a judgment for costs against other lien creditors who were made defendants, as to say that such other lien creditors would be entitled to take a judgment for costs against her in case she discontinued her suit. If they desire to keep the suit alive for the purpose of enforcing their liens they have the right to do so under the statute, and make themselves plaintiffs for that purpose, even though the plaintiff who began the suit does not desire to further prosecute it. Clearly this judgment for costs in favor of the West Union Grocery Company is without warrant of law.

But how about the judgment for costs on the motion made to quash the execution? Was this an authorized judgment? This motion to quash the execution, as is shown by the record in this case, was simply an opportunity given to the circuit court to correct its records. It did not involve the hearing of any matter outside of the record. It was equivalent to a motion to correct the record for error apparent upon the face of it. As was said by Judge POFFENBARGER in *Bice* v. *Telephone Co.*, 62 W. Va. 521, and again by Judge MILLER,

in the case of *Warman* v. *Herndon, supra,* the law clearly contemplates the award of costs to the prevailing party upon the final judgment or decree, and not upon the dismissal or discontinuance thereof as to one or more of the parties. And in the Bice case, above referred to, it was held that upon a motion made in the cause, the statute only allowed such costs to the party prevailing as he actually incurred in the matter of the motion, and did not include witness fees, clerk's fees and attorney's fees, or other general costs in the case. If the statute is construed to allow costs and attorneys fees to the prevailing party upon every motion made during the trial or proceedings in a cause, it would be difficult to tell just where the limit would be reached. If the defendant made a motion to exclude the evidence from the jury and direct a verdict in his favor, and it should be overruled, under the literal construction contended for by the respondent in this case, the plaintiff would be entitled to a judgment for his costs and an attorney's fee of ten dollars. If a verdict was rendered adverse to him, and he made a motion to set it aside, and his motion was overruled, his adversary would be entitled to a judgment for costs and an attorney's fee upon that motion. And it might be said, if this provision is to be given literal construction, that upon a motion to exclude irrelevant evidence the party who failed would be subject to have costs taxed against him, including an attorney's fee, so that there might be in any cause as many attorneys fees taxed as there were motions made during the proceedings. This was not the intention or the purpose of the statute. There might be a case on a motion to quash an execution in which it would be proper to allow costs, including an attorney's fee. The case of *Kennedy* v. *Holt,* 67 W. Va. 118, is cited as conclusive of this case. In that case a writ of prohibition was sought against a judgment for costs rendered on a motion to quash an execution, and the writ was refused upon the ground that the court having jurisdiction of the motion had jurisdiction to render a judgment for costs. It does not appear from the decision in that case what was involved in that motion. Many motions to quash executions involve independent hearings, involve the consideration of matters arising since the rendi-

tion of the judgment, and are clearly independent suits, and in a case like that it may be that the court would be warranted under the statute in rendering a judgment for costs and attorney's fees, and that may have been the case in *Kennedy* v. *Holt,* but in this case the motion to quash the execution was no more than a motion to the court to correct something that its clerk had done without authority, and we hold under the authority of *Bice* v. *Telephone Company,* 62 W. Va. 521, that costs such as attorneys fees and general costs are not properly allowed upon such a motion, and likewise that prohibition affords the proper means for relief against such an unauthorized judgment.

It follows that the writ of prohibition prayed for will be awarded with costs to the relator against the respondent West Union Grocery Company.

*Writ awarded.*