DOROTHY HARSHBARGER *v.* J. B. COWGILL *et al.*

(No. 9222)

Submitted September 4, 1941.  Decided November 4, 1941.

*Jean F. Smith,* for petitioner.
*Thomas West,* for respondent.

KENNA, PRESIDENT:

A rule in this prohibition proceeding against the judgment creditor, the justice of the peace and constable was issued for the purpose of preventing the enforcement and collection of a judgment for costs rendered against Dorothy Harshbarger by means of a suggestee execution served upon the defendant's employer, and, according to the allegations of the petition, in order to prevent the enforcement of a suggestee execution that had not been preceded by an execution against the defendant alone returned not fully satisfied or no property found.

The justice of the peace filed an answer containing an allegation that an execution had been issued against the property of the defendant and returned no property found, supporting the allegation by a certified copy of the execution and return.  Since there is both allegation and denial, no proof having been taken, we cannot regard this aspect of petitioner's case as established.  There remains in this record only the matter of excessive costs to be considered.

The judgment upon which the execution under consideration was issued was rendered on the nineteenth day of January, 1940, and after the provisions of Chapter 74 of the Acts of the Legislature of 1939 had become effective, it being an amendment of sections one, two and eleven, article seventeen, chapter fifty of the Code, as amended, dealing with the fees of justices and constables. The amending act contains a provision fixing the justice's fees in a proceeding where an attachment, garnishment or suggestion order is issued against the wages of the defendant and the claim uncontested, at a maximum of four dollars and fifty cents, and in a like contested claim, at five dollars. The last paragraph of section two of the same act limits the fee of a constable in an action before a justice, where an attachment, garnishment or suggestion is issued, to one dollar and fifty cents.

Although this petition and answer contain conflicting allegations, making it impossible to arrive accurately at the exact amount charged by the justice and by the constable, considering only the answer filed by the justice of the peace, neither the judgment creditor nor constable appearing, and not considering any added costs by virtue of the suggestee execution, the total sum for which the execution against the defendant was first issued was twenty-seven dollars and twenty-two cents, including three dollars and ten cents covering commissions and a levy, although none was made. Remembering that the amount due the judgment creditor was eighteen dollars and sixty-seven cents, the amount of costs included in the execution was eight dollars and fifty-five cents, or a little over forty per cent more than the statutory limit. The garnishee execution filed with the petition includes costs amounting to ten dollars and sixty cents.

Of course, the amount to be collected as costs cannot be controlled by the amount of the judgment. However, a part of the legislative purpose in limiting costs to be charged by a justice in a suggestion proceeding such as this must have been to prevent unnecessary hardships against the class of people not having sufficient property in their own names from which a justice's judgment could

be satisfied. It is indeed a sorry spectacle to observe an official whose hoped-for performance of a duty requires accurate information as to at least the statute fixing his own compensation, overcharging by at least forty per cent. To speak of it as overcharging is indulging in an extremely considerate euphemism.

Under our West Virginia decisions, prohibition lies in order to prevent the recovery of costs not expressly authorized by statute, that conclusion being reached on the assumption that costs were not recoverable at common law, and hence were dependent upon a conferred power as distinguished from an inherent power resting in common law courts. *Ringer* v. *Morris,* 82 W. Va. 492, 494, 96 S. E. 926; *Warman* v. *Herndon, Judge,* 81 W. Va. 574, 577, 94 S. E. 977; *Wilkinson* v. *Hoke, Judge,* 39 W. Va. 403, 405, 19 S. E. 520. In the latter opinion, the case of *West* v. *Ferguson,* 16 Gratt. 270, is cited and quoted, there being several lines of the opinion deleted from the quotation. An examination of that case reveals that it makes the statement that costs *eo nomine* (liberally, as such) are recoverable only under power conferred by statute. However, it goes on to discuss the recovery of damages which stood in lieu of costs in causes where damages were recoverable in common law courts prior to any conferred power, and 3 Blackstone's Commentaries 401, which is also cited in the *Wilkinson* opinion, discusses not only damages recoverable by way of costs, but also the assessment of discretionary financial punishment known as amercement. See, also, 1 Coke's Second Institutes, 288, section 10, *et seq.* Here we are not concerned with the inherent power of courts of record due to the fact that we are dealing with a justice of the peace, which is not a court of record, and hence not governed by the principles which apply thereto. Further than that, we are not concerned with the lack of statutory power, due to the fact that the decision of this matter hinges upon costs prohibited by statute. It naturally follows that if prohibition lies to prevent the collection of costs not authorized by

statute, it necessarily lies to prevent the violation of a statute by the collection of excessive costs assessed by a justice of the peace.

For the foregoing reasons the peremptory writ of prohibition will issue.

*Writ awarded.*