697 S.E.2d 86

**Eric CARPER, Plaintiff Below, Appellant**

v.

**Chad WATSON and Burkharts, Inc., Defendants Below, Appellees.**

**No. 34750.**

Supreme Court of Appeals of West Virginia.

Submitted March 9, 2010.

Decided June 8, 2010.

Christopher J. Prezioso, Esq., Luttrell & Prezioso, Martinsburg, WV, for Appellant.

Macel E. Rhodes, Esq., Zimmer Kunz, PLLC, Morgantown, WV, for Appellees.

WORKMAN, Justice:

This case is before this Court upon an appeal from a final order of the Circuit Court of Berkeley County, West Virginia, awarding costs pursuant to West Virginia Rule of Civil Procedure 68(c). Under Rule 68(c), if a defendant has made an offer of judgment and the plaintiff subsequently recovers a final judgment in an amount less than the defendant's offer, the court must award the costs incurred by the defendant following the offer of judgment to the defendant. In the instant case, the costs awarded by the circuit court included court costs, expert witness fees, and expenses associated with obtaining a deposi-

tion transcript. For the reasons set forth herein, the Court affirms, in part, and reverses, in part, the circuit court's final Order and holds that the costs that may be recovered by a defendant pursuant to Rule 68(c) are limited to those recoverable as "court costs" under West Virginia Rule of Civil Procedure 54(d), unless otherwise specifically allowed by statute.

## I.

### FACTS AND PROCEDURAL HISTORY

While driving a car owned by his employer in September 2003, Appellant Eric Carper ("the Appellant"), was rear-ended by Appellee Chad Watson, who was driving a dump truck owned by Appellee Burkhart's, Inc. (jointly "the Appellees"). As a result of the collision, the Appellant suffered minor injuries, including a soft tissue injury to his back. Thereafter, he quit his job at a car dealership, but subsequently found employment at a different dealership approximately two months later. Several months after the accident, the Appellant began physical therapy for his injuries and, over time, additionally sought medical and chiropractic treatment. Two years after the accident, in September 2005, he filed a personal injury lawsuit against the Appellees in the Circuit Court of Berkeley County, West Virginia.

The Appellees stipulated to liability and, in June 2007, made an offer of judgement to the Appellant pursuant to Rule 68 of the West Virginia Rules of Civil Procedure in the amount of $35,000.00. The Appellant, who was seeking over $300,000.00 in alleged lost wages, declined the offer of judgment. The case proceeded to trial in August 2007 on the issue of damages only. At trial, the Appellees vigorously contested the Appellant's lost wages claim[1] as well as many of his medical expenses. The jury ultimately awarded the Appellant only $8,297.74, which consisted of $3,297.74 in past medical expenses and $5,000.00 for pain and suffering. In addition, he received $1,298.51 in prejudgment interest, bringing his total recovery to $9,596.25.

Given that the Appellant's final judgment was significantly less than the offer of judgment, the Appellees filed a motion for costs pursuant to Rule 68(c). At a hearing on January 7, 2008, the circuit court granted that motion and assessed a total of $7,012.07 in costs against the Appellant. Specifically, the circuit court awarded the Appellees $3,450.00 for expert witness fees, $326.00 for the costs of transcribing a videotaped deposition of the Appellant's treating physician, and $3,236.10 for "court costs" associated with the trial. The "court costs" included the circuit clerk fee ($145.00), witness fee ($20.00), court reporter costs ($200.00), and jury costs ($2,871.10). The circuit court denied, however, the Appellees' request for postage and travel costs, including meals and lodging for the attorneys, and the Appellees withdrew their request for copy costs, due to a lack of detail regarding the number of copies. The Appellees had incurred all of these costs after making their offer of judgment.

The Appellant now appeals the award of costs, arguing that the circuit court erred as a matter of law in assessing expert witness fees and deposition transcript costs, because neither cost is provided for by statute. The Appellant further contends that the circuit court abused its discretion in awarding any costs at all, given that the amount of costs taxed against him is nearly equal to his total recovery.

## II.

### STANDARD OF REVIEW

This case presents the legal question of what "costs" can be assessed against a plaintiff pursuant to West Virginia Rule of Civil Procedure 68(c). In general, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). Moreover, "[a]n interpretation of the *West Virginia Rules of Civil*

---

1. The Appellees assert that the Appellant voluntarily quit his $17,000.00 a month job at the car dealership after the accident, despite suffering

only a soft tissue injury and without any recommendation to do so by any medical provider.

*Procedure* presents a question of law subject to a *de novo* review." Syl. Pt. 4, *Keesecker v. Bird*, 200 W.Va. 667, 490 S.E.2d 754 (1997).

██ With regard to the circuit court's specific assessment of court costs, however, 'the trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion.' Syllabus point 3, [in part,] *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959). Syl. Pt. 2, [in part,] *Cummings v. Cummings*, 170 W.Va. 712, 296 S.E.2d 542 (1982) [ (per curiam) ]. Syllabus point 4, in part, *Ball v. Wills*, 190 W.Va. 517, 438 S.E.2d 860 (1993). Syl. pt. [2], *Daily Gazette Co., Inc. v. West Virginia Dev. Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999). Syllabus point 1, *Hollen v. Hathaway Electric, Inc.*, 213 W.Va. 667, 584 S.E.2d 523 (2003) (per curiam).

Syl. Pt. 3, *Shafer v. Kings Tire Serv., Inc.*, 215 W.Va. 169, 597 S.E.2d 302 (2004). Consequently, while this Court will determine, de novo, what types of costs may be assessed under Rule 68(c), the Court will review the amount of "court costs" assessed by the circuit court for abuse of discretion.

## III.

## DISCUSSION

██West Virginia Rule of Civil Procedure 68 provides, in relevant part,

*(a) Offer of Judgment.* At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the defending party's offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall direct entry of the judgment by the clerk.

. . .

*(c) Offer Not Accepted.* An offer under subdivision (a) or (b) above not accepted in full satisfaction shall be deemed withdrawn, i.e., shall not be disclosed to the jury, and evidence thereof is not admissible except in a proceeding to determine costs. *If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.* The fact that an offer is made but not accepted, or accepted only as part payment, does not preclude a subsequent offer.

W. Va. R. Civ. P. 68(a) & (c) (2010) (emphasis added). Accordingly, under Rule 68, a defendant may offer a specific judgment as settlement before trial and, if the plaintiff refuses the offer but subsequently obtains a judgment of lesser value, the plaintiff must reimburse the defendant for "costs" incurred by the defendant after making the offer of judgment.

██ A plaintiff is not taxed under Rule 68(c) if the defendant ultimately prevails at trial. "The rule is confined to cases where a plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer." Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 68(c), at 1262 (3d ed. 2008). This Court has previously explained that "[t]he primary purpose of Rule 68 is to encourage the compromise and settlement of litigation. . . . 'The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits.' " *Meadows v. Wal–Mart Stores, Inc.*, 207 W.Va. 203, 221, 530 S.E.2d 676, 694 (1999) (*quoting Mallory v. Eyrich*, 922 F.2d 1273, 1277 (6th Cir.1991)) (citations omitted).

██ In the instant action, the Appellees made a valid offer of judgment in the amount of $35,000.00 to the Appellant before trial, which the Appellant declined. The Appellant was subsequently awarded substantially less by the jury. Consequently, pursuant to Rule 68(c), the Appellees were entitled to "the costs incurred after the making of the offer." At issue in this action is what expenses

should be included in the "costs" recovered by the Appellees. The Appellant contends that the circuit court erred as a matter of law in awarding the Appellees their expert witness fees and their expenses for transcribing certain deposition testimony. The Appellant further contends that the circuit court abused its discretion in awarding any amount of "court costs," given the facts of this case. The Court addresses each assignment of error in turn.

## A. Expert Witness Fees

The Court first turns to whether the "costs" taxable under Rule 68(c) include expert witness fees. "Costs" as used in Rule 68 are not explicitly defined by that rule or any other rule or statute in West Virginia, nor has any prior decision by this Court directly addressed what costs can be assessed against a prevailing plaintiff pursuant to Rule 68(c).

■■ Traditionally, at common law, neither party to an action was entitled to recover the costs of litigation. *See* Cleckley et al., *supra* § 54(d), at 1078 n. 48. While the law on costs has evolved with specific statutes and court rules that now permit the recovery of costs in certain instances, the general rule remains that "awards of costs and attorney fees are not recoverable in the absence of a provision for their allowance in a statute or court rule." *Nelson v. W. Va. Pub. Employees Ins. Bd.*, 171 W.Va. 445, 450, 300 S.E.2d 86, 91 (1982). Indeed, " '[w]here costs not allowed by statute are awarded, prohibition will lie to prevent the execution of the judgment therefor.' " *Trumka v. Ashworth*, 183 W.Va. 319, 321, 395 S.E.2d 563, 565 (1990) (*quoting State ex rel. Ringer v. Morris*, 82 W.Va. 492, 494, 96 S.E. 926, 927 (1918)).

■ West Virginia law provides, by both statute and court rule, that certain "costs" may routinely be recovered by a prevailing party. Specifically, West Virginia Rule of Civil Procedure 54(d), entitled "Judgments, Costs," states that

[e]xcept when express provision therefor is made either in a statute of this State or in these rules, *costs shall be allowed as of course to the prevailing party unless the court otherwise directs*; but costs against the State, its officers, and agencies shall be imposed only to the extent permitted by law. The clerk shall tax the costs within 10 days after judgment is entered, and shall send a copy of the bill of costs to each party affected thereby. On motion by any party served within 10 days after receipt of the bill of costs, the action of the clerk may be reviewed by the court.

(Emphasis added.) Similarly, West Virginia Code § 59–2–8 (2005), states:

Except where it is otherwise provided, *the party for whom final judgment is given in any action*, or in a motion for judgment for money, whether he be plaintiff or defendant, *shall recover his costs against the opposite party*; and when the action is against two or more, and there is judgment for or discontinuance as to some but not all of the defendants, those for whom there is judgment, or as to whom there is such discontinuance, shall recover their costs.

(Emphasis added.) Accordingly, a prevailing party in a civil action is typically entitled to recover certain costs, often referred to as "court costs," which are taxed by the clerk of the court.

The specific expenses that a clerk may tax as "court costs" can be found throughout the West Virginia Code. This Court has previously explained that

neither Rule 54(d) nor W. Va.Code § 59–2–8, defines what are costs, but in this regard we are aided by W. Va.Code § 59–2–13, which directs the "clerk of a court wherein a party recovers costs shall tax the same." This is followed by W. Va. Code § 59–2–14, which authorizes a statutory fee. There are also contained in W. Va.Code § 59–2–15, additional costs that may be taxed. Finally, we note that W. Va.Code § 59–2–16, provides the right of a court to restrict the taxation of the cost for witnesses. A more complete elaboration of specialized cost statutes and civil rule provisions is contained in M. Lugar & L. Silverstein, West Virginia Rules 408–14 (1960).

*Geary Land Co. v. Conley*, 175 W.Va. 809, 813–14, 338 S.E.2d 410, 414–15 (1985) (internal footnotes omitted). Among other things, the "additional costs that may be taxed" under West Virginia Code § 59–2–15 (2005) include costs for copies of pleadings, fees for legal notices and publications, an allowance for witnesses, and costs relating to depositions.[2] In addition, jury costs may be taxed pursuant to West Virginia Code § 52–1–17(c) (2008) and a court reporter's fee must be assessed pursuant to West Virginia Code § 51–7–6 (2008).

Based on this legal framework, the Appellant contends that "costs" taxed pursuant to Rule 68(c) should be limited to the expenses that are defined as "costs" by statute or court rule. In this case, such "costs" would be limited to those expenses that can be assessed under Rule 54(d) or West Virginia Code § 59–2–8; in other words, those costs commonly known as "court costs." Because expert witness fees are not taxable as "court costs," the Appellant argues that the circuit court erred by assessing them. In support of this position, the Appellant primarily relies on this Court's decisions in *Geary* and *Shafer*.

In *Geary*, a circuit court had awarded "court costs" to a prevailing plaintiff, but refused to assess costs for surveying expenses incurred by the plaintiff. 175 W.Va. at 812, 338 S.E.2d at 413. In considering whether the plaintiff was entitled to recover the surveying expenses, this Court noted that "at least as a general rule, awards of costs are not recoverable in the absence of a provision for their allowance in a statute or court rule." *Id.* at 813, 338 S.E.2d at 414. The Court then affirmed the circuit court, finding that no "statute or civil rule provision specifically authoriz[es] recovery of a party's surveyor's expenses as a part of the costs of

the litigation or otherwise." *Id.* at 814, 338 S.E.2d at 415. Although the Court in *Geary* was considering an award of costs to a prevailing plaintiff under Rule 54(d), the Appellant urges the Court to apply the same reasoning to Rule 68(c).

The Appellant additionally contends that his position is supported by *Shafer*, in which the Court addressed the types of costs that must be included in a defendant's offer of judgment pursuant to Rule 68(a), which specifically requires that any offer of judgment include the "costs then accrued." *Id.* at 173, 597 S.E.2d at 307. The issue arose in *Shafer* when the plaintiff, who had filed suit under the West Virginia Human Rights Act, W. Va.Code § 5–11–1 to 21 (2006) ("Human Rights Act"), accepted the defendant's offer of judgment. *Id.* at 172, 597 S.E.2d at 305. The plaintiff then filed a motion seeking attorney's fees, arguing that the Human Rights Act specifically provides that, as part of the costs recoverable under that Act, a prevailing complainant may be awarded attorney's fees. *Id.* Finding that the plaintiff had prevailed, the circuit court awarded attorney's fees. *Id.*

[11] On appeal, this Court noted that "[w]hile the term 'costs' usually does not include attorney's fees, if an applicable statute defines costs to include attorney's fees, then attorney's fees may be recovered as costs." *Id.* at 173, 597 S.E.2d at 306 (internal citation omitted). Taking guidance from the United States Supreme Court's decision in *Marek v. Chesny*, 473 U.S. 1, 3, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), which interprets the federal counterpart to Rule 68(a), the Court held that

> [c]osts included under West Virginia Rule of Civil Procedure 68(a) include attorney's fees when any statute applicable to the

---

**2.** West Virginia Code § 59–2–15 provides:
The clerk shall tax in the costs all fees of officers, or other persons properly acting in lieu of officers, which the said party appears to be chargeable with, in the case wherein the recovery is, except that where, in any court on the same side, more than one copy of anything is obtained or taken out, in which may be included a copy of any pleading in a pending case, there shall be taxed only the fee for one copy of the same thing. He shall also tax fifty cents for each legal notice from such party therein, served in this State, and not otherwise taxed; the costs of executing any order of publication made in the case for such party and of any advertisement from him in the case, made in pursuance of law; and the allowances to his witnesses, and every further sum which the court may deem reasonable and direct to be taxed for depositions, taken in or out of the State, or for any other matter.

case defines costs as including attorney's fees. However, costs under Rule 68(a) do not include attorney's fees if the statute creating the right to attorney's fees defines attorney's fees as being in addition to, or separate and distinct from, costs.

Syl. Pt. 4, *Shafer*, 215 W.Va. 169, 597 S.E.2d 302. Accordingly, the "costs" included in an offer of judgment under Rule 68(a) must include attorney fees if such fees would be awardable as "costs" to a prevailing plaintiff pursuant to statute.

The Appellant argues that this Court should treat expert witness fees in the same manner that it treats attorney fees under *Shafer*. He points out that many of the statutes that specifically provide for recovery of attorney's fees as "costs," actually provide for "attorney fees and witness fees." *See, e.g.,* W. Va.Code § 5–11–13(c); W. Va.Code § 6C–1–5 (2006); W. Va.Code § 16–39–6(b) (2006). The Appellant argues that if attorney fees may only be included in the "costs" taxable under Rule 68(a) when a statute specifically defines them as such, then the same rule should apply to expert witness fees. Because no such statute forms the basis of this case—which is predicated on common law negligence—the Appellant argues that no statutory basis exists on which the circuit court could tax expert witness fees as costs.

While the Court agrees with the Appellant's reasoning as it applies to what types of "costs" must be included in an offer of judgment under Rule 68(a), the Appellant incorrectly assumes that such fees, therefore, are taxable as "costs" under Rule 68(c) in such cases. As already noted, no authority exists in common law for courts to award costs; thus, costs may only be awarded when provided for by statute or court rule. *Nelson*, 171 W.Va. at 450, 300 S.E.2d at 91. While statutes such as the West Virginia Human Rights Act provide that "costs" in such actions may include "attorney's fees and witness fees," such statutes limit the award of such fees to the "complainant" or the "plaintiff." *See, e.g.,* W. Va.Code § 5–11–13(c) ("In actions brought under this section, the court in its discretion may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, *to the complainant*."); W. Va.Code § 6C–1–5 ("A court may also award *the complainant* all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate."); W. Va.Code § 16–39–6(b) ("A court may also award *the complainant*, all or a portion of the costs of litigation, including reasonable attorneys fees and witness fees, if the court determines that the award is appropriate."); W. Va.Code § 21–5C–8(c) (2008) ("The court in any action brought under this article may, *in the event that any judgment is awarded to the plaintiff or plaintiffs*, assess costs of the action, including reasonable attorney fees *against the defendant*.") (Emphasis added). Consequently, no statutory authority exists to award attorney's fees or expert witness fees to the defendant in any of these types of actions, as the defendant will necessarily never be the "complainant" or "plaintiff." [3]

---

**3.** Notably, several other West Virginia statutes contain language that defines "costs" as including attorney's fees and expert witness fees, and permits courts to award such costs to "any party" in the court's discretion. *See* W. Va.Code § 22C–5–8(d) (2005); W. Va.Code § 22–3–25(d) (2009); W. Va.Code § 22–18–19(e) (2009). Theoretically, such language could permit a defendant recovering costs under Rule 68(c) to recover attorney's fees and expert witness fees as part of those costs.

Such recovery under these statutes, however, is either impossible or extremely unlikely. For example, under the Commercial Hazardous Waste Management Facility Siting Act, such costs are only available "if the party substantially prevails on the merits of the case," which could not be the case for a defendant seeking costs under Rule 68(c), given that such defendant will have necessarily have lost on the merits of the case. W. Va.Code § 22C–5–8(d). Under the Surface Coal Mining and Reclamation Act, the cost provision applies only to actions brought to compel compliance with the Act, but not to actions seeking monetary damages. W. Va.Code § 22–3–25(a) & (d). A Rule 68(a) offer of judgment is extremely unlikely in such cases. Similarly, the Hazardous Waste Management Act permits citizens to sue (1) any person that is allegedly in violation of a permit issued under this statute, or (2) any enforcement, permit issuing or rule-making authority, that has allegedly failed to perform any nondiscretionary duty or act under the Act. W. Va.Code § 22–18–19(a) & (b). Yet again, such suits are unlikely candidates for offers of judgment.

 For these reasons, the Court now holds that the "costs" that may be assessed against a plaintiff under West Virginia Rule of Civil Procedure 68(c) include only those expenses defined as "costs" by statute. Typically, costs under Rule 68(c) will be limited to "court costs," i.e., the costs taxable under West Virginia Rule of Civil Procedure 54(d). "Costs" under Rule 68(c) do not include attorney fees, expert witness fees, or any other expenses that are not traditionally taxed as "court costs," unless (1) the statute applicable to the case expands the definition of "costs" to include such expenses, and (2) the statute does not limit the award of such costs to the "claimant" or "plaintiff." Consequently, the circuit court erred in assessing expert witness fees against the Appellant in this case.

The Appellees argue that limiting the types of "costs" recoverable under Rule 68(c) to "court costs" undermines the purpose of the rule, because such limitation reduces the economic risk to a plaintiff who refuses an offer of judgment, thereby diminishing the incentive to agree to such offers. While the Appellees' policy argument may be compelling, this Court has no authority to sanction the taxation of costs which are not permitted by statute or court rule. Indeed, as previously noted, prohibition will lie against a circuit court that awards costs not specifically allowed by statute or court rule. *Trumka*, 183 W.Va. at 321, 395 S.E.2d at 565. Consequently, any expansion of the "costs" that may be assessed against a plaintiff pursuant to Rule 68(c) must be left to the Legislature or be expanded by this Court through a new judicial rule.

The Appellees further contend that this Court has, in a prior opinion, implicitly approved of assessing costs in excess of those typically awarded as "court costs." Specifically, in *State v. Myers*, 216 W.Va. 120, 128, 602 S.E.2d 796, 804 (2004), this Court favorably cited a string of cases from other jurisdictions in which the courts had assessed "costs" that were broader than the "court costs" that can be taxed by the clerk under Rule 54(d). Among other things, the cases appearing in the string cite referenced awarding, as "costs," expert witness fees, *Weber v. Kessler*, 179 Cal.Rptr. 299, 301, 126 Cal.App.3d 1033, 1036 (1981), and depositions expenses, *Roget v. Grand Pontiac, Inc.*, 5 P.3d 341, 348 (Colo.Ct.App.1999).

 The Appellees' reliance on *Myers* is misplaced, however. *Myers* was a criminal case in which the defendant was assessed jury fees as "costs," pursuant to West Virginia Code § 52–1–17. 216 W.Va. at 123–24, 602 S.E.2d at 799–800. In its opinion, this Court was not analyzing "costs" under Rule 68(c), nor was it considering an award of expert witness fees or depositions fees. Rather, the purpose of the string cites in *Myers* was simply to note that courts in various other jurisdictions have recognized "costs" as including "jury fees." *Id.* at 128, 602 S.E.2d at 804. This Court's focus on jury fees is evidenced by the Court's use of italics in the string cites to highlight the term "jury fees." *Id.* Accordingly, the Appellees' reliance on *Myers* is inapposite.[4]

---

4. Both parties also rely on federal case law interpreting the federal counterpart to Rule 68(c), in support of their respective positions. West Virginia's Rule 68(c) is modeled after Federal Rule of Civil Procedure 68(d), which similarly provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed.R.Civ.P. 68(d). Like West Virginia's rule, Federal Rule 68 does not define "costs." Unlike West Virginia, however, one federal statute clearly defines what expenses can be taxed as "costs." Specifically, 28 U.S.C. § 1920 (2008) sets forth specific costs that may be taxed to a prevailing party in federal civil cases, and federal courts have recognized that the costs assessed pursuant to Federal Rule 68(d) are generally limited to those costs set forth in 28 U.S.C. § 1920. *See, e.g., Sea Coast Foods,* *Inc. v. Lu–Mar Lobster and Shrimp, Inc.,* 260 F.3d 1054, 1060–61 (9th Cir.2001) ("While Lu–Mar is of the opinion that 'costs' means anything it expended, the law is that Lu–Mar can only recover 'costs' properly awardable under the relevant substantive statute.... In this case, that essentially means those costs that are provided for in 28 U.S.C. § 1920, which is the general federal cost statute.").

Although the two rules are similar, and although "federal case[s] interpreting a federal counterpart to a West Virginia rule of procedure may be persuasive," *Brooks v. Isinghood,* 213 W.Va. 675, 682, 584 S.E.2d 531, 538 (2003), such cases are of little value to determining the specific expenses that may be taxed as costs under West Virginia law. While the Appellant correctly contends that, like its federal counter-

## B. Deposition Transcript Costs

■ The Appellant next argues that he should not have been assessed expenses incurred by the Appellees in obtaining a deposition transcript. Specifically, the circuit court taxed the Appellant $326.00 for expenses related to the transcription of a videotaped deposition of the Appellant's treating physician, which the Appellant presented at trial. The Appellant again asserts that no statutory basis exists for assessing "costs" resulting from obtaining a transcript of a deposition, and thus such "costs" can not be assessed under Rule 68(c).

■ Unlike expert witness fees, however, deposition-related costs are, in fact, among the "court costs" permitted by statute. West Virginia Code § 59–2–15 provides that, among other things, "[t]he clerk shall tax ... every further sum which the court may deem reasonable and direct to be taxed for depositions...." In the instant case, because the Appellant chose to present his treating physician's testimony at trial through a videotaped deposition created for evidentiary purposes,[5] rather than calling the doctor to testify in person, the Appellees necessarily had to transcribe that deposition to prepare for trial. Accordingly, the expense is deposition-related and, therefore, falls among those "court costs" over which the circuit court has "wide discretion in determining the amount of." Syl. Pt. 3, *Shafer*, 215 W.Va. 169, 597 S.E.2d 302.

Further, the costs associated with transcribing this deposition used for evidentiary purposes would clearly have been avoided had the Appellant accepted the Appellees' offer of judgment and the expense was incurred after that offer had been made.[6] In consideration of all these factors, the circuit court did not abuse its discretion in assessing $326.60 in costs associated with the transcription, and this Court affirms that expense as part of the "court costs" in this case.

## C. Court Costs

■ As his final assignment of error, the Appellant asserts that the circuit court abused its discretion in taxing any costs to him. He explains that, after settling his own attorney fees and costs, his total judgment of $9,806.42 is insufficient to cover the $7,012.07 in costs that the circuit court ordered he pay to the Appellees. As a result, despite the Appellees' admitted liability in this action, and even though the jury awarded him damages for his medical expenses and pain and suffering, the Appellant actually owes money to the Appellees, and has nothing left for his own medical bills. He contends that this is an unjust result, particularly because there has been no finding of bad faith on his part.

■ While the Appellant correctly contends that circuit courts generally are vested with "wide discretion" in determining the *amount* of court costs to tax, *see Shafer*, 215 W.Va. at 172, 597 S.E.2d at 305, the assessment of costs pursuant to Rule 68(c) is not discretionary. Rule 68(c) states that "the offeree must pay the costs incurred after the making of the offer." This Court has previously explained that "a proper application of Rule 68(c) makes it mandatory for trial judges to impose upon plaintiffs costs incurred after a settlement offer wherein a verdict is less favorable than the settlement offer." *King v. Ferguson*, 198 W.Va. 307, 315, 480 S.E.2d 516, 524 (1996). Thus, contrary to the Appellant's position, the circuit

part, costs under West Virginia Rule 68(c) must be limited to those set forth by statute, federal cases addressing "costs" under the federal equivalent to Rule 68(c) necessarily base their analysis on 28 U.S.C. § 1920, a statute that is not applicable in the instant case and for which there is no West Virginia counter-part.

5. Although the West Virginia Rules of Civil Procedure do not distinguish between evidentiary and discovery depositions, this Court has previously recognized that differences exist between the two in practice. Specifically, "[a] discovery deposition 'is taken in order to 'discover' information,' " while "[a]n evidentiary deposition 'is

taken with the knowledge that it will be introduced as 'evidence' at the hearing [or a trial].' " *State ex rel. Means v. King*, 205 W.Va. 708, 715, 520 S.E.2d 875, 882 (1999) (*quoting State ex rel. Hoover v. Smith*, 198 W.Va. 507, 513, 482 S.E.2d 124, 130 (1997)) (alteration in original).

6. This decision neither suggests nor directs that all deposition expenses will always be assessed as costs. Rather, the decision to tax such expenses as costs is in the discretion of the circuit court exercised under the standard set forth in West Virginia Code § 59–2–15.

court in this action did not err in awarding costs; indeed, it was required to assess the court costs that had accrued after the Appellees made their offer of judgment.

 Moreover, as already noted, circuit courts enjoy "wide discretion" in determining the specific *amount* of costs to assess. *Shafer*, 215 W.Va. at 172, 597 S.E.2d at 305. Here, the record indicates that the circuit court carefully reviewed the costs submitted by the Appellees, addressing each type of cost individually, and taxed only those for which the Appellees had provided adequate documentation. With the exception of the expert witness fees, which, for the reasons already stated, were taxed in error, the circuit court did not abuse its discretion in determining the amount of court costs to assess in this action.

## IV.

### CONCLUSION

For the reasons stated herein, the Court affirms, in part, and reverses, in part, the final Order, entered on May 6, 2008, of the Circuit Court of Berkeley County, West Virginia, and remands the action for further proceedings consistent with this Opinion.

Affirmed, in part, Reversed, in part, and Remanded.