# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Cathy McGee,**
**Plaintiff Below, Petitioner,**

**vs.)  No. 17-0661** (Wood County 14-C-1198)

**Amedisys West Virginia, LLC and**
**Amedisys, Inc., and Tiffany Jones,**
**individually and as an Agent to**
**Amedisys West Virginia, LLC and**
**Amedisys, Inc.,**
**Defendants Below, Respondents**

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Cathy McGee, by counsel Todd W. Reed, appeals the Circuit Court of Wood County's June 26, 2017, order enforcing the parties' settlement agreement. Respondents Amedisys West Virginia, LLC and Amedisys, Inc., by counsel Ashley C. Pack, Katherine B. Capito, Craig R. Annunziata, and Jason D. Keck, and respondent Tiffany Jones, individually and as an agent to Amedisys West Virginia, LLC and Amedisys, Inc., by counsel J. Robert Russell, filed a combined response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in finding that there was a meeting of the minds as between the parties following mediation. Additionally, respondents assert a cross-assignment of error wherein they allege that the circuit court erred in denying their request for attorney's fees and costs to enforce the parties' settlement agreement.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2012, petitioner was terminated from her position as a hospice care nurse by respondents after nearly two years of employment. Her termination was related to respondents' policy regarding pre-signed prescription sheets. According to petitioner, when she joined Amedisys, it utilized a practice that encouraged nurses to use pre-executed prescription sheets in order to ensure end of life drug treatment for terminally ill patients when the medical director was unavailable. On appeal, petitioner asserts that she utilized this practice infrequently and only to advance patient care. After an investigation into the use of these prescription sheets, petitioner was fired from her position. Thereafter, petitioner had to defend her license before her professional medical board and was investigated by the Wood County Sheriff's Office and the

1

West Virginia Office of the Inspector General. Petitioner was further accused of terrorizing respondent Jones through vandalism, death threats, and even hiring someone to physically attack her. According to petitioner, all of these accusations were false.

In May of 2014, petitioner filed a civil action against respondents that alleged wrongful discharge, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent investigation, violation of public policy, failure to provide a reasonably safe workplace, wage and hour violation, and a claim for punitive damages. Thereafter, the parties engaged in extensive discovery.

In February of 2017, the parties engaged in court-ordered mediation with mediator James Lamp. At the end of mediation, the parties executed a mediation memorandum of understanding ("mediation memorandum") that set forth the terms of their agreement as follows:

> [Petitioner] agrees to settle all claims in the above-styled civil action as follows:
>
> - [REDACTED] paid to [petitioner] in settlement of Wage Payment Act claim;
>
> - [REDACTED] paid to [petitioner]'s counsel in attorney fees on Wage Payment Act claim;
>
> - [REDACTED] reimbursed to [petitioner] for litigation expenses;
>
> - [Respondent] to pay all mediation fees and costs
>
> [Petitioner] will sign full release of all claims, including attorney's fees and costs, as to all [respondents], settlement to be confidential, non-disparagement, no reapply.
>
> [Petitioner and Respondents] agree to use best efforts to fully and finally conclude settlement including the execution of final settlement agreement documents.

The parties are in disagreement as to when petitioner was presented with respondents' sixteen-page settlement agreement and release document. According to petitioner, she did not receive this document prior to the execution of the mediation memorandum. According to respondents, petitioner was presented with this document prior to the execution of the mediation memorandum, which was simply a term sheet of the major terms of the full settlement agreement and release document. Regardless, petitioner asserts that it was understood that she would have time to thoroughly review the settlement agreement and release before execution. However, petitioner found the settlement agreement and release to be an inaccurate reflection of the agreement between the parties at mediation because it asked her to release claims beyond those set forth in her complaint. As such, petitioner refused to execute the document. Accordingly, respondents filed a motion to enforce the settlement.

In May of 2017, the circuit court held a hearing on the motion to enforce. Petitioner

argued that enforcement of the settlement was improper because the mediation memorandum did not contemplate a "general release" of all claims beyond those alleged in the complaint. However, the circuit court found that the mediation memorandum clearly indicated that petitioner would execute a "full release of all claims" against respondents and ultimately granted the motion to enforce. The circuit court further denied respondents' request to assess petitioner the fees and costs associated with enforcing the settlement. It is from the circuit court's June 26, 2017, order enforcing the settlement agreement that petitioner appeals.

"This Court employs an abuse of discretion standard when reviewing a circuit court order enforcing a settlement agreement reached as a result of court-ordered mediation." Syl. Pt. 1, *Riner v. Newbraugh*, 211 W.Va. 137, 563 S.E.2d 802 (2002). Moreover, we have held that

> "[t]he law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy." Syl. Pt. 1, *Sanders v. Roselawn Mem'l Gardens, Inc.*, 152 W.Va. 91, 159 S.E.2d 784 (1968).

*Riner*, 211 W.Va. at 139, 563 S.E.2d at 804, Syl. Pt. 5. On appeal, we find no error in the circuit court's enforcement of the settlement at issue.

Petitioner's appeal is based entirely on her allegation that the mediation memorandum the parties executed did not require her to release respondents from any claims beyond those specifically set forth in her complaint in this civil action. According to petitioner, because the mediation memorandum required that she release respondents only from those specific claims, the subsequent full settlement agreement went beyond the terms of the parties' agreement and was unenforceable. On appeal, petitioner concedes that there was a meeting of the minds regarding the mediation memorandum, but asserts that this understanding did not encompass a release of all possible claims such that the subsequent full settlement agreement is enforceable. We do not agree.

As this Court has held, "[a] meeting of the minds of the parties is a *sine qua non* of all contracts." *Id.* at 139, 563 S.E.2d at 804, Syl. Pt. 4 (quoting Syl. Pt. 1, *Wheeling Downs Racing Ass'n v. W.Va. Sportservice, Inc.*, 157 W.Va. 93, 199 S.E.2d 308 (1973)). Further,

> [t]he meeting of the minds requirement has been recognized by this Court as specifically applicable to settlement agreements. *See, Riner*, . . . 211 W.Va. at 144, 563 S.E.2d at 809; *State ex rel. Evans v. Robinson*, 197 W.Va. 482, 475 S.E.2d 858 (1996), *cert. denied*, 519 U.S. 1121 (1997), "a court may only enforce a settlement when there has been a definite meeting of the minds." 197 W.Va. at 485, 475 S.E.2d at 861. In *O'Connor v. GCC Beverages*, 182 W.Va. 689, 691, 391 S.E.2d 379, 381 (1990), this Court stated: "It is well understood that '[s]ince a compromise and settlement is contractual in nature, a definite meeting of the minds of the parties is essential to a valid compromise, since a settlement cannot be predicated on equivocal actions of the parties.' 15A C.J.S. *Compromise & Settlement*, sec. 7(1)(1967)[.]"

*Triad Energy Corp. of W.Va., Inc. v. Renner*, 215 W.Va. 573, 576, 600 S.E.2d 285, 288 (2004). As such, it is clear that in order to be enforceable, the parties must have achieved a meeting of the minds in regard to the mediation memorandum which, in turn, must have been in keeping with the terms of the full settlement agreement. We find this to be the case, given that the mediation memorandum clearly and unambiguously contemplated petitioner executing a full release of respondents, which is the only term with which she takes issue.

As the circuit court found, the mediation memorandum "confirms [petitioner's] agreement to release all claims against all [respondents] in addition to those brought in the above-captioned matter." The crux of petitioner's argument is the limiting language in the mediation memorandum that indicates that she agreed "to settle all claims in the above-styled civil action as follows[.]" What petitioner fails to acknowledge, however, is that this limiting language clearly applies only to the four indented bullet points that immediately follow that limiting language and pertain to the specific settlement terms for the lawsuit, such as the settlement amount and designating the parties responsible for certain costs. Petitioner further fails to acknowledge that the language that she "will sign full release of all claims, including attorney's fees and costs, as to all [respondents], settlement to be confidential, non-disparagement, no reapply" was not grouped with the four indented and bulleted points limited by the language upon which she relies. Indeed, the only reasonable reading of the mediation memorandum requires an interpretation that the two terms at issue, namely petitioner's agreement to settle the specific claims in the civil action and a full release of all claims, clearly refer to differing sets of claims. Any other reading would result in the second term being redundant. Because the mediation memorandum is clear as to petitioner's agreement to execute a full release of all claims, including claims beyond those specifically alleged in her complaint, we find no error in the circuit court's enforcement of the settlement agreement at issue.

Finally, we find that respondents are not entitled to relief in regard to their cross-assignment of error.

> "[T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion."

Syl. Pt 3, *Carper v. Watson*, 226 W.Va. 50, 697 S.E.2d 86 (2010) (quoting Syl. Pt. 3, *Shafer v. Kings Tire Serv., Inc.*, 215 W.Va. 169, 597 S.E.2d 302 (2004) (citations omitted). Respondents assert that, in light of the circumstances and petitioner's "baseless" refusal to comply with her contractual obligations, the circuit court abused its discretion in refusing to award respondents their fees and costs incurred in enforcing the settlement agreement. According to respondents, "[t]here is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as 'costs' . . . when the losing party has acted in bad faith. . . ." Syl. Pt. 3, in part, *Sally-Mike Properties v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986). Further, respondents cite prior instances wherein this Court has awarded attorney's fees related to a parties' costs incurred in enforcing a valid settlement agreement. *See Messer v. Huntington Anesthesia Group, Inc.*, 222 W.Va. 410, 420, 664 S.E.2d 751, 761 (2008). We find, however, that beyond simply alleging

4

that petitioner refused to sign the subsequent full settlement agreement, respondents have failed to establish that petitioner acted in bad faith or in a manner that otherwise demands equitable payment of their fees and costs incurred in enforcing the settlement agreement at issue. As such, we find no abuse of discretion in the circuit court's denial of respondents' request for attorney's fees.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

5